TOMPKINS VS. HALSTEAD and wife, impleaded with others.

Mortgaged property purchased, on foreclosure of prior mortgage, by third party *for* second mortgage debtor, to whom it is thereupon deeded, will still be held subject to the second mortgage.

APPEAL from the Circuit Court for *Rock* County.

Foreclosure of a mortgage on the west half and north-east quarter of a certain quarter section of land, executed by *Cyrus Curtiss*, April 13, 1855, to secure his note of same date. The complaint alleges that afterwards *Curtiss* sold the premises to the defendant *Curtis Halstead*, and executed a deed to him, or to *Diana Halstead*, his wife, or to some one for their benefit, which deed has never been recorded ; that upon such purchase *Curtis* and *Diana Halstead*, or one of them, undertook and promised to pay the mortgage, as part payment of the purchase money for said land ; that the north-east quarter of said quarter section had been mortgaged by *Cyrus Curtiss* to the state of Wisconsin before the execution of the mortgage in suit ; that upon such purchase and sale of the premises, *Curtis* and *Diana Halstead*, or one of them, also promised to pay that mortgage, as part of the purchase money ; that a certain sum was reserved from the purchase money of the premises by said *Curtis Halstead*, as an equivalent for said two mortgages ; that

in and by the conveyance from *Cyrus Curtiss and wife* to *Curtis* and *Diana Halstead*, or one of them, the premises were subjected to the payment of both of said mortgage debts; that afterwards, about December 26, 1859, *Curtis* and *Diana Halstead* conveyed the premises to the defendant *Oliver Chatfield*, and in and by their deed to him subjected the premises to the payment of both of said mortgage debts; that afterwards said *Halsteads* and *Chatfield* neglected to pay the interest which became due on the mortgage to the state, and the land was sold by the land commissioners; that thereupon *Chatfield* and said *Halsteads*, or one of them, for the purpose of evading their agreement aforesaid, and in order to cut off the lien of the plaintiff's mortgage from that part of the premises covered by the mortgage to the state, " either procured one Chester Clark to bid off said premises at the sale of said lands in his own name, but in trust for them, or for their benefit or one of them, or they or one of them bid off said premises or procured them to be bid off at such sale in the name of said Chester Clark, for their benefit or the benefit of one of them, and afterwards procured the same to be conveyed to said Chester Clark upon such sale, by the proper officer  *  *  but for their use and benefit, or the use and benefit of one of them, and that they or one of them furnished or procured to be furnished the money paid to the state upon such bid; and that afterwards, in disregard of these said undertakings, they, the said *Halsteads* and said *Chatfield*, or one of them, procured said premises to be conveyed by said Clark to the defendant *Diana Halstead*." Then follow the customary allegations and prayer.

*Curtis Halstead* and *Diana Halstead* demurred to the complaint as not stating a cause of action; and appealed from an order overruling the demurrer.

*Todd & Converse*, for appellants:

The complaint admits that title has passed from the state to one Clark. There is no allegation of fraud, no statement of

facts authorizing relief against the deed, no demand to have it set aside. It appears from the complaint that the land is freed from the mortgage in suit by operation of the deed from the state. 2. The assumption of the mortgage debt by *Diana Halstead* furnishes no ground of action. A married woman cannot contract except with reference to her separate estate. 3. An assumption of the mortgage debt by *Curtis Halstead* cannot affect the title of *Diana Halstead*. The state passed the fee to her free from any liability on this mortgage. Until the complaint shows on its face fraud or connivance on her part, it shows nothing to affect her title. .

*E. Mariner*, for respondent.

COLE, J. The principal objection relied on in support of the demurrer, is the general one, that the complaint does not state facts sufficient to constitute a cause of action. It is an ordinary complaint to foreclose a mortgage. And we cannot see but that it contains all the allegations essential to maintain the action. It is said that it is admitted in the complaint that the title to the land embraced in the mortgage given the state, had, by the commissioners' sale, become vested in one Chester Clark, and that there should be something to avoid the effect of this admission. It is alleged, in substance, that Clark bid in the premises at that sale in trust for and for the benefit of those defendants who had purchased the property of the mortgagor subject to the incumbrances, which they, or some one of them, assumed to pay; or that such defendants bid off the same in Clark's name, and procured the conveyance to be made to him by the proper officer of the state, merely for the purpose of cutting off the lien of the mortgage sought to be foreclosed. This clearly shows that Clark's purchase, being for the benefit of those defendants who had assumed both mortgages, was subject to the plaintiff's rights. Besides, the mortgage to the state only embraced one forty, and if the effect of

the sale under that mortgage was to bar the plaintiff's rights to that forty, yet surely he is entitled to a foreclosure and sale of the residue of the land covered by his mortgage.

Again, it is assumed that the plaintiff is seeking to enforce some undertaking or agreement made by *Diana Halstead*, and it is said a married woman cannot contract except with reference to her separate estate. We do not think this question is before us on this appeal.

*By the Court.*—The order overruling the demurrer is affirmed.