Guest v. Rhine.

---

ISAAC GUEST v. H. RHINE AND BROTHERS.

Since the decision of the case of Merlin v. Manning, (2 Tex. R.,) it has been the settled doctrine of this Court, maintained by repeated decisions, that the equitable owner of a note may maintain an action upon it in his own name, though the legal title be in another.

The plaintiffs averred that they were the owners of the note. The judgment by default must be taken to have established the truth of the averment; and after the default, nothing remained but for the Clerk to assess the damages under the Statute.

Error from Red River. Before the Hon. William S. Todd. Suit by defendants in error against plaintiff in error, on a

note of the defendant payable to Joseph Dickson, (not or or. der ;) the petition averring that the plaintiffs " are the owners and holders of said promissory note." Judgment by default. It appeared from the note, copied in the transcript, that it had been endorsed to the plaintiffs below.

*S. H. Morgan*, for plaintiff in error.

*J. A. N. Murray*, for defendants in error.

WHEELER, J. Since the decision of the case of Merlin v. Manning, (2 Tex. R.,) it has been the settled doctrine of this Court, maintained by repeated decisions, that the equitable owner of a note may maintain an action upon it in his own name, though the legal title be in another. The plaintiffs averred that they were the owners of the note. The judgment by default must be taken to have established the truth of the averment ; and after the default nothing remained but for the Clerk to assess the damages, under the Statute. (Hart. Dig. Art. 812.)

The writ of error was evidently prosecuted for delay, and the judgment is affirmed with damages.

Judgment affirmed.