M. D. BULLION AND OTHERS V. CAMPBELL & STRONG.

The statute requiring claims to be presented to an administrator before suit, is not applicable to a contract for the conveyance of title to land; nor is such presentation necessary before the institution of a suit for damages incurred by breach of such a contract.

The primary object of a title bond for land is to secure the title; it becomes an obligation for money only upon breach of its conditions, in consequence of which the obligee becomes entitled to damages.

A parol assignment of a title bond for land, upon a full and valuable consideration, entitles the assignee to institute and maintain an equitable action in his own name; and the statute of frauds cannot be interposed to defeat the recovery of such assignee.

APPEAL from Hopkins. Tried below before the Hon. W. S. Todd.

The appellees as partners under the style of Campbell & Strong brought this suit against M. D. Bullion and C. D. Conally upon a written obligation executed to James A. Hendricks, by one B. M. Hampton, as principal, and the defendants as his sureties, dated July 6th, 1855. The obligation was in the form of a bond with a penalty in the sum of $5000, and recited that Hampton had bargained and sold to Hendricks twelve hundred and seventy-three dollars worth of land, to be selected by Hendricks out of certain designated tracts, at the price of one dollar and twenty-five cents per acre, or out of certain other designated tracts at one dollar and fifty cents per acre; and was conditioned that if Hampton should make or cause to be made to Hendricks good titles to the lands within a reasonable time after their selection, then the obligation to be void, &c.

The plaintiffs averred in their petition that, on or about the date of the bond, it was negotiated, sold and delivered to them by Hendricks, the obligee, without any written assignment, "your petitioner paying said Hendricks the full value thereof, to wit, the sum of $1273, in said bond mentioned, which said sum is paid by your petitioners to said Hendricks; the said Bullion and Conally received in part the benefit thereof." They further alleged that

Hampton was dead, and died insolvent; averred a demand upon him in his lifetime for titles in accordance with the terms of the bond, and default by him.

The defendants excepted to the petition, because "the plaintiffs do not show that they have any interest or any right to the bond made the foundation of this suit, or that a written assignment of the same was ever made by the obligee in said bond, or any right to sue on the same." They also pleaded a general denial and the statute of frauds.

The plaintiffs amended their petition and made the administrator of Hampton a party defendant; and prayed that if Hampton's estate had title to the lands, they have a decree for the same, and otherwise that they have judgment against the defendants for their consideration money, with interest, and for general relief.

The defendants again excepted generally and specially, but their exceptions were overruled.

Upon the trial, at the Spring Term, 1860, the defendants objected to the admission in evidence of the bond sued on, because "the same had not been probated in accordance with the 49th sec. of the act of the legislature, entitled 'an act to regulate proceedings in the County Courts, pertaining to estates of deceased persons;'" but the court overruled the objection, and the defendants excepted.

The plaintiffs proved that some time in 1857 or 1858, they had applied to Hampton to make them titles in accordance with the bond, but that he declined, alleging as a reason that the lands were not patented. They also proved a similar refusal by Hampton's administrator, who assigned as a reason that Hampton's estate had no title to the lands.

Hendricks, the obligee in the bond, testified in behalf of the plaintiffs, that he sold and delivered the bond to the plaintiffs shortly after its execution; that they paid him for the lands in goods, at the rate of two dollars per acre, making the aggregate sum of $1,600, and that the defendants Bullion and Conally got the goods.

Verdict and judgment in favor of the plaintiffs for $1,664. Motion for a new trial made and overruled.

*M. Bolin* and *E. J. W. Tomlinson*, for the appellants.—
1st. The demurrer of appellants to the original and amended peti-
tion was well taken. The plaintiffs had no right to maintain this
action either for execution of this contract, or for the recovery of
the damages sustained by the obligee, Hendricks. It is but a
bare right of action, not transferable either at law or equity.
(Story Eq. Jur., § 1040; O. & W. Dig., § 936.)

To hold that such suit could be maintained by these parties,
would be in contravention of the rules of law inhibiting champerty.

2d. Granting that this action could be maintained by these
parties, it was incumbent on them to have authenticated this claim
as a monied demand against the estate of the deceased Hampton,
according to the provisions of the statute regulating proceedings
in the Probate Courts pertaining to estates of deceased persons.
(Sutton v. Page & Wife, 4 Tex. R., 142.)

MOORE, J.—The judgment in this case must be affirmed. The
object of the suit was for the recovery of the land to which the
plaintiffs in the court below claimed they were entitled by the
contract set out in their petition; and if this could not be had,
then they asked a judgment for the damages sustained by them
for the breach of said contract. It has frequently been held by
this court, that the statute requiring the presentation of claims
against the estates of deceased persons to the administrator before
suits can be brought upon them, is not applicable to a contract to
convey land, or for the recovery of damages on the breach of such
a contract. (Robinson v. McDonald, 11 Tex., 385; Evans v.
Hardeman, 15 Tex,, 481; Peters v. Phillips, 19 Tex. R., 70.)
The primary object of contracts, such as the one upon which this
action is founded, is to secure a title to land. It only becomes an
obligation for money upon the contingency which gives the obligee
the right to claim damages as a secondary consequence. (Hem-
ming v. Zimmerschitte, 4 Tex. R., 159.)

The assignment of the bond to Campbell and Strong, was al-
leged and proved to be upon a valuable consideration. They
were, therefore, entitled, upon well established principles and
practice in courts of equity, to bring and prosecute their suit in

their own name. The contract upon which the suit was brought was in writing. The statute of frauds could not consequently be interposed as a bar to their recovery. The assignment of the bond, which was in parol, was not the contract which it can properly be said they were seeking to enforce, and must be regarded, especially in view of the facts in this case, as merely the transfer to Campbell and Strong, of the obligation or contract between the orginal parties, and not as of itself a contract conveying land to which the defendants in the court below could set up the statute of frauds, and thereby escape from a judgment of damages on the breach of their contract for the conveyance of lands for which, in point of fact, a title never existed.

The judgment is affirmed.

Judgment affirmed.