MORRIS & CUMMINGS AND THE CENTRAL WHARF AND WAREHOUSE CO°
v. THE SCHOONER LEONA ET AL.

(Case No. 1487.)

1. ACTION — PARTIES. — The real owner of property, whether it be a *chose in action* or not, may sue to reduce it to possession, and when a nominal party refuses the use of his name as plaintiff for the benefit of the real party in interest, no technical rule can prevent the real party from maintaining an action to protect that interest.
2. SAME. — Therefore, where a franchise authorized the collection of tolls from a lessee using a water channel, and for that purpose authorized suit to be brought in the name of the city of Corpus Christi for the benefit of the owners of the franchise, the refusal of the city to permit the use of its name as a plaintiff could not defeat the right, and the owners of the franchise can maintain the action in their own name.
3. SAME. — The right could not be destroyed by the refusal of the city council to authorize a suit in the name of the city.
4. SAME. — By the act under which the water channel was constructed, it was provided that any one holding the bonds of the city of Corpus Christi, to pay which the tolls were to be applied, could enforce the payment of tolls in the courts by compulsory process. *Held*, that the appellants as owners of those bonds could not be affected in their right to sue by a refusal of the city to permit its name to be used as plaintiff.

APPEAL from Nueces. Tried below before the Hon. J. C. Russell.

This suit was brought by Morris & Cummings of New York, and by The Central Wharf and Warehouse Company of Corpus Christi, against the appellee to recover tolls for the passage of the Schooner Leona through the channel between Corpus Christi and Aransas Bay. They claimed to be entitled to all the rights, privileges and franchises appertaining to the channel which had been granted by the state of Texas to the city of Corpus Christi, or to any corporation or person, and to be the owners of the bonds for the payment of which the tolls were to be applied.

*McCampbell & Givens,* for appellants, cited: Bill of Rights, Constitutions of 1846 and 1870, sec. 14; Bill of Rights, Constitution of 1876, sec. 16; Milam County v. Bateman, 54 Tex., 153; Terrett v. Taylor, 9 Cranch, 43; Pawlett v. Clark, 9 Cranch, 292; Com. Bank v. Chambers, Sneed & Marshall, 54; University v. Fay, 1 Murphy, 58; Dartmouth College Case, 4 Wheat., 518; Cooley, Const. Lim., p. 278, and note; id., 280 and 295; Toulumne Redemption Co. v. Sedgwick, 16 Cal., 11; Commonwealth v. New Bedford Bridge, 2 Gray, 330; State v. Phelan, 3 How., 441; State v. Hawthorne, 9 Mo., 389; Von Hoffman v. City of Quincy, 4 Wall., 535; Broughton v. Pen-

sacola, 3 Otto, 266; Dillon, Mun. Corp., 151; West River Bridge Co. *v.* Dix, 6 How., 529.

*Welch & Givens,* for appellees, cited:  Const. 1876, art. XII, sec. 3; Special Laws 1875, ch. 88, p. 135; Blessing *v.* City of Galveston, 42 Tex., 642; Merriwether *v.* Garrett, 12 Otto, 511; East Hartford *v.* Hartford Bridge Co., 10 How., 511; United States *v.* B. & O. R. R. Co., 17 Wall., 322; Girard *v.* Philadelphia, 7 Wall., 1; Barnes *v.* Dist. of Columbia, 1 Otto, 540; Police Jury *v.* Shreveport (Repeal of Corporation Ferry Right), 5 La. An., 661; Amite City *v.* Clemens, 24 La. An., 27; New Orleans *v.* Hoyle, 23 La. An., 740; Philadelphia *v.* Fox, 64 Pa. St., 169; Trustees *v.* Tatman, 13 Ill., 30; Darlington *v.* Mayor, 31 N. Y., 164; Cooley on Con. Lim., secs. 192 and 193, and authorities (4th ed.); Dillon on Mun. Corp. (3d ed.), secs. 64, 85, 87, and authorities, and sec. 967; Sedgwick on Cons. of Con. and Stat. Law, p. 582 and note of authorities.

Willie, Chief Justice.— This action was brought by the appellants against the Schooner Leona and her owner, N. Gussett, to recover the sum of $431.34 alleged to be due the plaintiffs on account of tolls arising from the use by said schooner of the channel between Corpus Christi and Aransas Bay.  The facts under which the right to these tolls was claimed were set up in the petition, and were substantially the same as those contained in the special answer of these same appellants to an information in the nature of a *quo warranto,* filed by the state for the purpose of ousting them of the franchise of collecting the identical tolls claimed in this suit.  In disposing of that case a few days since, we held that the appellants were entitled to exercise that franchise, and hence that question is eliminated from the present appeal.

The defendants in this case filed a plea in abatement, in which the only question raised, that requires our attention, is as to the right of the plaintiffs to bring this suit in their own name, or whether they were not required to sue in the name of the city of Corpus Christi.

So far as this plea is sought to be sustained upon the ground that the franchise of collecting tolls still existed in the city, the question is settled against the plea by our decision in the case referred to. Whether the franchise existed in the city, or whether it had been assigned to the appellants, is unimportant, as also whether the tolls were collected by the latter as agents of the city or contractors with it.   The exercise of the right to collect them was vested in the ap-

pellants for their sole exclusive use and benefit. At the time the money in question here was demanded of the schooner or its owner, neither the city of Corpus Christi, nor any one else except the appellants, had any right, title or claim to these tolls. One universally recognized principle of law is, that where there is a right there is also a remedy. Under our system, unless provided otherwise by statute, the real owner of property, whether it be a *chose in action* or not, can sue to reduce it to possession. No technical rule requiring suit to be brought in the name of a person as a mere matter of form has any place in our practice or system of laws — at least so far as to preclude the party beneficially interested from suing in his own name, when the nominal party refuses the use of his name as plaintiff.

It is averred in the present case that the city of Corpus Christi had refused to permit this suit to be instituted or carried on in her name. Not only so, but that she had placed herself on record in court as being adverse to the interest of appellants and was aiding and assisting in an attempt to defeat the collection of the tolls.

We regard it as a dangerous doctrine to allow one interested in the defeat of a clear legal and equitable right to secure such defeat by refusing the use of his name in a suit to enforce it, however necessary in a technical point of view his presence may be as a party plaintiff.

From what we have said, it is clear that the provision in the ordinance accepting the channel, which requires Morris & Cummings to demand, receive and collect tolls in the name of the city of Corpus Christi, but for their own benefit, does not, under the circumstances of this case, compel suit in the name of the city. Morris & Cummings had completed the channel to the satisfaction of the city at the time this ordinance was adopted, and they were, therefore, entitled to the tolls, and to all reasonable methods for their collection. No restriction imposed by the council at that date, which left it in the power of that body to destroy the right by withholding at their pleasure the name of the city to any suit like the present, could prevent the collection of the tolls. Moreover, the appellants were the owners of the bonds to the payment of which the tolls were to be applied. It was an express provision of the one hundred and ninety-sixth section of the act of May 22, 1873, which governed the contract for the construction of the channel, that any person holding said bonds could enforce the payment of these tolls in the courts of the state by any compulsory process of law. This provision would be annulled if the city, one of the contracting parties,

could, by refusing the use of her name, deny the use of the court and the process of law for their collection.

We think, therefore, that the right of the appellants to sue in their own name is, as against the plea in abatement upon which this suit was dismissed, supported by reason, by general law, and by statutory enactment. The judgment of the court below sustaining the plea is erroneous, and must be reversed and the cause remanded.

REVERSED AND REMANDED.