KINDELL–CLARK DRUG CO. et al. v. MYERS et al.

(Court of Civil Appeals of Texas. Amarillo. Oct. 21, 1911.)

1. JUDGMENT (§ 248*) — EVIDENCE (§ 593*) — APPLICABILITY TO PLEADINGS.

No testimony can be properly introduced, and, if introduced, can be considered, in support of a judgment, unless the pleadings are sufficient to support the same.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 248;* Evidence, Cent. Dig. § 2430; Dec. Dig. § 593.*]

2. SHERIFFS AND CONSTABLES' (§ 168*) — WRONGFUL LEVY—ATTACHMENT—INDEMNITY BOND—PLEADING.

Where, in an action against a sheriff and his official bondsmen for wrongful attachment, the record showed an intent on the part of the sheriff and his bondsmen to bring into the cause as defendants the sureties on an indemnity bond, but there were no allegations of fact, or prayers for relief, in any pleading in the record that could be held sufficient to support a judgment in behalf of the sheriff and his official bondsmen against the sureties on the indemnity

bond, a judgment over against the latter was erroneous.

[Ed. Note.—For other cases, see Sheriffs and Constables, Dec. Dig. § 168.*]

Error from Collingsworth County Court; J. K. Duke, Judge.

Action by P. W. Myers and others against the Kindell-Clark Drug Company and others. Judgment for plaintiffs, and defendants bring error. Reversed, and remanded in part.

J. L. Lackey, W. R. Baker, R. H. Templeton, F. M. Ryburn, Theodore Mack, and Madden, Trulove & Kimbrough, for plaintiffs in error. R. H. Cocke, Jr., for defendants in error.

GRAHAM, C. J. The record in this case shows that on October 14, 1909, P. W. Myers and C. B. Boverie sued H. E. Singley, as sheriff, and D. L. Kotch, R. E. Simmons, A. J. Laycock, and W. I. Atkinson as his official bondsmen, in the county court of Collingsworth county, for the sum of $371.02, in damages alleged to have been sustained by plaintiffs as a result of said H. E. Singley having, under a writ of attachment, levied on and taken from the possession of plaintiffs a stock of drugs and fixtures held by them under a valid mortgage; that on March 10, 1910, the defendant H. E. Singley filed and urged his motion to continue said cause to perfect service on other defendants, alleging that he had taken an indemnity bond before levying the writ of attachment, but the names of his indemnitors are not given in this motion, nor in any of the other pleadings filed, and no relief as against said indemnitors was prayed for, in either of the pleadings; and that the motion was granted.

On June 7, 1910, the cause was tried before the court without a jury; judgment having been rendered in favor of the plaintiffs, P. W. Myers and C. B. Boverie, and against H. E. Singley, D. L. Kotch, R. E. Simmons, A. J. Laycock, and W. I. Atkinson, for the amount sued for, with 10 per cent. interest from date of judgment and all costs of suit. Judgment was further rendered in favor of the above-named defendants over against Kindell-Clark Drug Company and J. E. Bryant & Co. on the indemnity bond for the sum of $371.02 and all costs of suit. Within proper time Kindell-Clark Drug Company, J. E. Bryant & Co., W. I. Atkinson, R. E. Simmons, A. J. Laycock, D. L. Kotch, and H. E. Singley prosecuted an appeal by writ of error to the Court of Civil Appeals for the Second Supreme Judicial District; the cause being before this court under an order transferring same, made by the Supreme Court.

Two transcripts found their way into the Court of Civil Appeals for the Second District; one having been docketed under No. 6,485 and the other under No. 7,021 in that court. On June 17, 1911, by an order made

by the Court of Civil Appeals for the Second District, cause No. 6,485 was consolidated with cause No. 7,021; and as cause No. 7,021 has been docketed in this court under No. 5, and cause No. 6,485 has been docketed in this court under No. 89, the remarks we shall make, as well as the orders made in this court, will apply to and dispose of the questions raised in both said causes Nos. 89 and 5.

J. E. Bryant & Co., under proper assignments of error, among others, urge that no judgment could legally have been rendered against them in the trial court, because there were no pleadings on which a judgment could be based, and, further, that there was no sufficient service had as to it. Kindell-Clark Drug Company, jointly with J. E. Bryant & Co., under proper assignments of error, among other things, also allege that no judgment could legally have been rendered against Kindell-Clark Drug Company in the trial court, because there were no pleadings on which to base a judgment, and no sufficient service had been had on it.

The record fails to show any assignments of error in behalf of any of the plaintiffs in error, except Kindell-Clark Drug Company and J. E. Bryant & Co., and there is no statement of facts. Under the disposition we have concluded to make of the cause, it will not be necessary to pass on any of the assignments of error, except those complaining of the insufficiency of the pleadings to sustain the judgment rendered against J. E. Bryant & Co. and Kindell-Clark Drug Company, as the other errors complained of may not arise on another trial.

[1] This cause having originated in the county court, no testimony could have been properly introduced, and, if introduced, could not be considered, in support of the judgment, except where the pleadings themselves are sufficient to support the judgment.

[2] While the record shows an intention on the part of H. E. Singley and his official bondsmen to have brought into the cause as defendants the sureties on the indemnity bond, there are no such allegations of fact or prayers for relief, in any pleading found in the record, as can be held sufficient to support the judgment rendered in behalf of Singley and his official bondsmen against the sureties on the indemnity bond. The record not being in such condition as to require or even warrant us in inquiring into the judgment as between the plaintiffs below and the sheriff and his official bondsmen, and the record showing no fundamental error as to this portion of the judgment, that portion thereof will not be disturbed.

On October 2, 1911, Kindell-Clark Drug Company submitted in this court its suggestion of fundamental error, and prayed a reversal of the judgment as to it, based on insufficiency of service; the judgment having been taken against it, as well as J. E. Bryant & Co., by default. The disposition we have concluded to make of this appeal renders it unnecessary to pass upon the merits of the motion in which fundamental error is suggested, as the matter therein complained of may not arise upon another trial, and, without passing upon the merits of the motion, we therefore overrule the same.

The conclusions above announced would ordinarily result is reversing and rendering the judgment as to J. E. Bryant & Co. and Kindell-Clark Drug Company; but, as the sheriff and his official bondsmen may desire to so frame their pleadings and so perfect the service as to warrant a trial on the merits of the issue between them and the indemnitors, we have concluded to reverse and remand the cause on that issue, and to affirm the same in all other respects, and tax the costs incident to this appeal against the sheriff and his official bondsmen; and it is so ordered.