MAXWELL–CLARK DRUG CO. et al. v. SINGLEY et al.

(Court of Civil Appeals of Texas. Amarillo. Dec. 21, 1912. Rehearing Denied Jan. 18, 1913.)

1. SHERIFFS AND CONSTABLES (§ 151*)—INDEMNITY BONDS—CONSTRUCTION.

While official bonds are to be strictly construed in favor of the sureties thereon, that rule is otherwise as to an indemnity bond to a sheriff, and, though the bond named other persons than the sheriff as obligees, the sheriff may, where the condition of the bond was to save him harmless, sue in his own name, regardless of the nominal obligee.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 325–329; Dec. Dig. § 151.*]

2. SHERIFFS AND CONSTABLES (§ 149*)—INDEMNITY BOND—SCOPE OF PROTECTION.

Where a bond was conditioned to indemnify the sheriff against all costs he might incur in consequence of the levy, the sheriff, though mulcted in damages, cannot recover against the obligor the costs incurred in attempting to sustain a void judgment against the obligor which he secured without notice.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 323; Dec. Dig. § 149.*]

3. SHERIFFS AND CONSTABLES (§ 91*) — IMPLIED AUTHORITY OF AGENT.

Where an agent of a creditor is authorized to collect the debt by suit, if necessary, he is by implication empowered to bind his principal to execute an indemnity bond in favor of the attaching sheriff.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 131–133; Dec. Dig. § 91.*]

4. SHERIFFS AND CONSTABLES (§ 149*)—INDEMNITY BOND—MATTERS INCLUDED.

Where a sheriff demanded an indemnity bond before attaching the goods of an insolvent debtor, and the stipulation in the bond was that he was to be indemnified against all damages incurred by reason of the attachment, the bond covered damages resulting by reason of any wrongful levy, irrespective of the fact that the sale of the goods was made by virtue of another attachment.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 323; Dec. Dig. § 149.*]

5. SHERIFFS AND CONSTABLES (§ 135*)—INDEMNITY BOND—DUTY OF SHERIFF.

Where a sheriff was given an indemnity bond upon serving a writ of attachment, his only duty upon the commencement of an action by assignees of the attached property was to notify his indemnitors to save him harmless; he being not bound to defend in order to hold the indemnitors.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 278; Dec. Dig. § 135.*]

6. SHERIFFS AND CONSTABLES (§ 149*)—INDEMNITY BOND—LIABILITY OF INDEMNITORS.

Where several attaching creditors gave a joint indemnity bond to a sheriff, a joint judgment may be recovered against them; it not being necessary that the amount should be prorated according to the amount received by each.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 323; Dec. Dig. § 149.*]

7. SHERIFFS AND CONSTABLES (§ 151*)—INDEMNITY BOND—CONCLUSIVENESS OF JUDGMENT AGAINST SHERIFF—ACTION.

In general, in an action on an indemnity bond given an attaching sheriff, the validity of the judgment rendered against him and the legality of his acts cannot be inquired into, yet, where the indemnitors had no notice of the pendency of the action against the sheriff, they may urge any defense against him that might have been urged against the possessors of the attached property.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 325–329; Dec. Dig. § 151.*]

Appeal from Collingsworth County Court.

Action by H. E. Singley and others against the Maxwell-Clark Drug Company and others. From a judgment for plaintiffs, defendants appeal. Reversed and remanded.

Madden, Trulove & Kimbrough and F. M. Ryburn, all of Amarillo, and T. A. Altman, of Ft. Worth, for appellants. Clinton C. Small, of Wellington, M. M. McGee, and R. L. Templeton, of Wellington, for appellees.

HALL, J. This case originated in the county court of Collingsworth county, and on a former appeal (140 S. W. 463) the judgment was reversed because of the want of pleadings to sustain the judgment and insufficient service of process upon appellants. After the judgment had been reversed and remanded, the pleadings were amended, and from a second judgment this appeal is prosecuted. The history of the litigation is substantially as follows: T. W. Conley and T. E. Benge were engaged in the drug business in the town of Wellington, and, being insolvent, made a conveyance of the stock of drugs to P. W. Myers and C. B. Boverie by an instrument in writing alleged to be fraudulent and void. The appellants, J. E. Bryant Company, Brady-Neeley Grocery Company, and Kindel-Clark Drug Company, in a joint suit against Conley and Benge attached the stock of drugs then in possession of Boverie and Myers. Appellee Singley, as sheriff of Collingsworth county, declined to levy the attachments until appellants had given him an indemnity bond, and the bond sued upon was given. It is proper to state

in this connection that appellant Maxwell-Clark Drug Company, a party to this appeal, is the successor of the Kindel-Clark Drug Company, plaintiffs in the attachment, at the time of the execution of the indemnity bond. The said bond provides that whereas a writ of attachment bearing date the 1st day of June, 1909, was issued in a suit pending in the county court of Collingsworth county, wherein Kindel-Clark Drug Company was plaintiff and T. W. Conley and T. E. Benge defendants, "which the said attachment is directed to H. E. Singley, sheriff, in said county, to levy upon certain goods and chattels." The bond then describes the stock of drugs and its location, and continues: "Now, therefore, in consideration of the premises, we, Kindel-Clark Drug Company, as principal, and Wellington Drug Company, Brady-Neeley Grocery Co., and J. E. Bryant Co., as sureties, acknowledge ourselves bound to pay said T. W. Conley and T. E. Benge as aforesaid, the sum of $1,500.00 for the payment of which well and truly to be made, we bind ourselves, our heirs, executors, and administrators. The condition of the foregoing obligation is such that if the above-named Kindel-Clark Drug Company, a corporation, shall well and sufficiently indemnify, save and keep harmless him, the said H. E. Singley, from all costs, charges, damages and suits, that he may incur or become liable to in consequence of the levy of said writ of attachment and shall pay off, discharge and cancel all judgments rendered against him the said Kindel-Clark Drug Company, and all costs, charges and damages, incurred by him the said H. E. Singley, by reason of any proceedings under said writ, then this obligation to be null and void; otherwise to remain in full force and effect." After the former reversal of the judgment, appellee Singley, as sheriff, filed his answer and cross-action against appellants, based upon the above-quoted indemnity bond, alleging a breach of the conditions of such bond and his right to recover thereon, by reason of the fact that on June 7, 1910, a judgment had been rendered in favor of Myers and Boverie against the said Singley and the sureties on his official bond as sheriff in the sum of $371.02, and in favor of Singley and his bondsmen over against Kindel-Clark Drug Company and J. E. Bryant Company as indemnitors (which judgment the said Singley had been compelled to satisfy), together with $178.86, costs assessed against him in the Court of Civil Appeals for the Seventh District, and also prayed for judgment for the sum of $200 as attorney's fees. It is further alleged that, after the execution of the indemnity bond, defendant J. F. Clark, who was the principal stockholder in the Kindel-Clark Drug Company, and the Maxwell-Clark Drug Company, ratified and confirmed the act of D. D. Darling, the traveling salesman and agent of the said drug company, in signing and executing said indemnity bond, and ratified and confirmed the action of Singley levying said writ of attachment. Further acts of ratification are alleged, in that appellants accepted their share of the proceeds of the sale of the stock of drugs. Appellant Maxwell-Clark Drug Company answered by general denial and special plea that Myers and Boverie had acquired the stock of goods under a fraudulent conveyance made for the purpose of hindering, delaying, and defrauding the creditors of Conley and Benge; that said company was not made a party to the original suit and had no notice of said suit and no opportunity to defend the action brought against Singley and his bondsmen; that Singley negligently failed to make said company a party to the suit, and negligently permitted judgment to be taken against him without making any defense, and through collusion and fraud with plaintiffs, without any proper effort to defend said suit, said judgment was taken against said defendant, Singley, and prayed that Boverie and Myers be cited to appear and answer, and that judgment be rendered in favor of said drug company, setting aside the judgment against Singley, and that defendant be permitted to make defense to the action both as against plaintiff and the defendant Singley. J. E. Bryant Company and Brady-Neeley Grocery Company answered that the indemnity bond was not executed by or with their consent or under their authority; that their traveling salesmen, Frazier and Montgomery, had no authority to execute said bond; that its execution was wholly without the powers and the duties of appellants, was ultra vires, and void. On trial before the court without a jury, judgment was rendered in favor of appellee Singley against Maxwell-Clark Drug Company, as the successor of the Kindel-Clark Drug Company, and against defendants J. E. Bryant Company and Brady-Neeley Grocery Company for the sum of $371.02 (being the amount of the judgment theretofore rendered against Singley, from which he did not appeal and which was affirmed as to him, by this court on the former appeal), together with the sum of $38.85, interest thereon since the date thereof, and for $123.90, as the costs of suit and $70 attorney's fees, aggregating $603.77.

[1] Appellants J. E. Bryant Company and Brady-Neeley Grocery Company, under their first and second assignments of error, insist that, because the bond binds them to pay "said T. W. Conley and T. E. Benge," appellee Singley had no right to recover against them; that the bond must be strictly construed as against Singley. While the rule of strictissimi juris applies to the construction of official bonds in favor of the sureties thereon, we do not understand that such a rule is applicable to the bond under consideration here. The indemnity bond has been clumsily drawn, and evidently is a printed form, with the blanks defectively filled. In

the first place, the word "attachment" has been filled in the blank space where the name "Kindel-Clark Drug Company" should appear, and the names T. W. Conley and T. E. Benge as the obligees have been written where the name of H. E. Singley should have been, and, further, the name of Kindel-Clark Drug Company appears in the condition of the bond where properly the name of H. E. Singley should have been written. However, these are clerical errors which do not affect the validity of the instrument. Notwithstanding these defects, the condition of the bond is that the Kindel-Clark Drug Company "shall well and sufficiently indemnify, save and keep harmless the said H. E. Singley from all costs, charges, damages, suits," etc., and it is clear from an inspection of the whole instrument that Singley is the party beneficially interested, notwithstanding the obligation names Conley and Benge as obligees. It has long been the rule in this state that the real party at interest and the beneficial owner of property, whether it be a chose in action or other personal or real property, may sue in his own name to recover thereon and to reduce it to possession, and this rule permits Singley to maintain this action in his own name, regardless of the clerical error which resulted in designating Conley and Benge as the obligees. The bond was executed to Singley, delivered to him for the express purpose of indemnifying him against damages in levying the attachment specified in the bond upon the property described therein, and, as said by our Supreme Court in Morris & Cummings v. Schooner Leona, 62 Tex. 35, "no technical rule can preclude the party beneficially interested from suing in his own name to protect his interest," and, as we understand the rule, it does not require that the nominal party shall first refuse to institute suit before the real party at interest can be permitted to begin his action. Watts' Heirs v. Robson et al., 6 Tex. 206; G., H. & S. A. Ry. v. Freeman, 57 Tex. 156; Bullion et al. v. Campbell et al., 27 Tex. 653. For the reasons given, appellants' first and second assignments of error are overruled.

[2] The third assignment is: "The court erred in admitting in evidence, over defendants' objection, the bill of costs in the Court of Civil Appeals, offered by defendant H. E. Singley, for the reason that said cost bill was not authenticated in the manner and form required by law, and was not the best evidence of the amount of costs expended in said court; that said costs in the Court of Civil Appeals were properly taxed to the defendant Singley, and not to these defendants, and could not be considered as an element of damages in this case." While it is true that the bond binds the appellants to indemnify Singley against all costs that he may incur in consequence of the levy of said writ, we do not think the stipulation can be extended so as to cover the costs in the Court of Appeals adjudged against him on the former appeal. If appellants had been notified of the suit prior to the entry of the first judgment, thereby giving them an opportunity to defend the action against Singley for damages, for the wrongful levy of the attachment, then his right to recover costs of the appeal, as well as the costs of the trial court, could not be questioned. But appellants contend they had no notice of the pendency of the suit prior to the first judgment rendered without pleadings to support it, and this item of costs was incurred in their contest with Singley over said judgment. By reasons of the alleged void judgment rendered against them in favor of Singley, they were forced to appeal, and, if their allegations are true, it would be a gross injustice to tax them in this suit with costs incurred in litigating with Singley the validity of a judgment which this court had previously held to be void.

[3] By their fourth assignment appellants contend that the court erred in rendering judgment against them for the reason that the evidence conclusively shows that they did not sign the indemnity bond upon which a recovery was had herein, and did not authorize Montgomery and Frazier (their traveling salesmen) to sign the same for them; that the signing of said bond was as to said corporation ultra vires and void and was done without their authority and consent; and that the execution thereof has never been ratified or confirmed by them. This assignment raises the question as to the implied authority of agents who are expressly empowered to collect debts to go further, and file suits, issue attachments, execute indemnity bonds, and do all else necessary and proper in the collection of such claims. The testimony shows that the traveling salesmen had with them prior to the institution of this suit accounts against Conley and Benge, which they were authorized to collect and to place in the hands of attorneys for that purpose, if necessary; that upon advice of the attorney selected by them the claims were consolidated and suit filed in the name of Kindel-Clark Drug Company, and the bond was executed to indemnify the sheriff against injury resulting from the levy of the attachment based upon such consolidated claims. This question seems never to have been passed upon by the appellate courts of this state, but the authorities are numerous announcing the rule that an agent or an attorney authorized to collect a debt is by implication empowered to bind his principal to indemnify the officer whom he calls upon to levy an attachment issued in a suit instituted to enforce the collection of a claim. The rule seems to us to be founded in justice, and we accordingly overrule the fourth assignment.

[4] Appellants contend, under their fifth assignment, that since no sale was made un-

der the attachment issuing out of the county court of Collingsworth county, but was made under another attachment issuing in a suit in which it was not claimed that these defendants were signers of an indemnity bond, no recovery could be had against them. It appears from the record that at the time the attachment mentioned in the bond in question was levied appellee Singley had in his hands another attachment issued from the district court of Hall county, which had been levied by him, and by virtue of which the goods were actually sold. We cannot assent to appellant's contention. The stipulation in the bond is that Singley is to be indemnified against all damages incurred by reason "of the levy of said writ of attachment," and we think the court was authorized to render judgment for the amount of any proper damages, shown to have resulted by reason of any wrongful levy, irrespective of the fact that the sale of the goods was made by virtue of another attachment.

[5] By their sixth assignment of error appellants contend that it was the duty of Singley to defend the action, and, having failed to do so, he cannot be heard to insist upon the provisions of his bond. His sole duty after being sued was to notify his indemnitors of the pendency of the suit, and, in default of some positive action on the part of such indemnitors to save him harmless, his right of action upon the bond was perfect. The fault to be charged against him is not in failing to defend the suit, but in failing to give his indemnitors the proper notice.

[6] The seventh assignment complains that the judgment of the court is jointly against all of the appellants, and should be prorated according to the amounts received by them, respectively, in the distribution by the sheriff of the proceeds arising from the sale of the stock of drugs. The authority cited by appellants does not sustain the proposition. If the attachment was wrongfully issued, resulting in damages for which appellee Singley has been made to respond in a specified amount, then it would be inequitable to require him to apportion his right of recovery amongst joint indemnitors who sued in one action.

[7] Appellant Maxwell-Clark Drug Company assigns as error the action of the court in refusing to permit it to continue the case in order to interplead Boverie and Myers, and in sustaining the exceptions of Singley to the special answer of this appellant, wherein they sought to attack the validity of the judgment against Singley and the sufficiency of the cause of action which resulted in said judgment. While we recognize the general rule to be that where a sheriff has been indemnified in the performance of an official act, and judgment has been rendered against him for damages by reason thereof, and suit is afterwards brought on the contract of indemnity, the legality of, the act of the sheriff and the validity of the judgment rendered against him cannot be again inquired into, yet the rule has no application where indemnitors had no notice of the suit against the sheriff and no opportunity to defend the action for him. On the contrary, they are entitled as indemnitors to make such defense as they insist in this case they had a right to make. We do not understand from the record as it comes before us that service of citation is necessary upon Boverie and Myers, since the former reversal in no way dismissed them from the case, but rather remanded the case for the disposition of the other matters set up in the cross-action. We therefore sustain so much of appellants' contention as entitles them to litigate with Boverie and Myers their right to damages against the indemnitee Singley.

In view of another trial, we add that if the testimony should show that appellants, or either of them, had proper notice, verbal or otherwise, of the pendency of the action against Singley, prior to the rendition of the first judgment in the county court, and after reasonable notice failed to take any steps toward protecting him from said judgment, then, in that event, the said Singley should recover against any such indemnitor the amount which may be adjudged against him. This is added because the record before us nowhere shows any facts with reference to notice.

For the errors pointed out, the judgment is reversed, and the cause remanded.