FORBESS et al. v. ELLIOTT.    (No. 9518.)

(Court of Civil Appeals of Texas. Fort Worth. March 12, 1921.)

1. Malicious prosecution ⬦64(1) — Evidence sufficient to sustain recovery.

In an action for damages for maliciously charging plaintiff with theft, evidence *held* sufficient to sustain a judgment in plaintiff's favor.

2. Appeal and error ⬦1002—Verdict on conflicting evidence conclusive.

A verdict on conflicting evidence is conclusive on appeal.

3. Malicious prosecution ⬦69—$500 for false charge of theft not excessive.

An award of $500 to plaintiff, who was maliciously charged with theft, *held* not excessive, in view of evidence of her previous good character and her testimony as to mental suffering.

4. Malicious prosecution ⬦71(2) — Probable cause for jury, unless facts are undisputed.

Where the facts are not contested, probable cause for a criminal charge is a question of law, but when they are disputed it is one for the jury.

Appeal from District Court, Shackelford County; W. R. Ely, Judge.

Action by Mrs. Stella Forbess and her husband H. W. Forbess against J. H. Elliott. From a judgment for plaintiffs, defendant appeals. Affirmed.

B. W. Patterson, of Cisco, for appellant.
A. A. Clarke and S. C. Coffee, both of Albany, for appellees.

BUCK, J. This suit was filed by Mrs. Stella Forbess and her husband, H. W. Forbess, against J. H. Elliott, charging that the defendant had maliciously and falsely charged Mrs. Forbess with theft of two linen towels, two pillow cases, and one doily, of the aggregate value of $3.

The cause was tried before a jury on a special issue, in answer to which the jury found:

(1) That on or about May 15, 1918, Elliott made an affidavit charging the plaintiff, Stella Forbess, with theft.

(2) That said charge was made falsely and maliciously, and without probable cause for believing the same to be true.

(3) That $500 would fairly and reasonably compensate plaintiff for the mental anguish and humiliation, by reason of said charge, she suffered.

From a judgment in favor of plaintiff for $500, the defendant has appealed.

[1] Plaintiff alleged and testified that the defendant made several indecent proposals to her, and that she repulsed him, and that subsequently the defendant made the charge of theft against her, and had a search warrant issued out of the justice court, and that defendant and the sheriff searched her house and found the articles above mentioned, but that these articles had been given to her by the defendant's deceased wife during the latter's lifetime, and that plaintiff was not guilty of theft of any articles from defendant.

The evidence showed that defendant's first wife died in March, 1918, and that for some years prior to her death Mrs. Forbess, then Miss Stella Rudder, and her younger sister, used to stay with Mrs. Elliott at night during

the absence of the defendant. Plaintiff claimed that during said time Mrs. Elliott gave her a pair of pillow cases, which Mrs. Elliott had received as a wedding present, and which were marked with "S" for Sudie, Mrs. Elliott's given name; that she also gave her a number of towels, the doily, and some other things; that after Mrs. Elliott died Miss Rudder married H. W. Forbess, and that Mr. Elliott invited them to come and live with him, Mrs. Forbess to keep house and Mr. Forbess to help about the place; that they stayed with Mr. Elliott about two weeks, when Mr. Elliott discharged them; that at one time he sent word to plaintiff to come over to his house, and that she and her sister went over there; that he asked her why she did not come alone, and that she told him she did not want to, and he said, "Well, I had a present for you if you had come alone," and he got out a watch and said, "I will give you this watch if you come alone; I want to have a private talk with you;" thereupon she told her sister that they had better go home, and defendant asked her, "Ain't you going to tell me good-bye?" and she told him "No"; that upon another occasion he said to her: "Stella, if you will quit Shorty [her husband] and live with me, I'll show you a whole lot better time than he can; he will never amount to anything;" that she told him she would not do it; that on a subsequent occasion after she had left his home, he came to her house and she was asleep on the bed, and that he put his hand on her shoulder and woke her and made improper proposals to her, and that she resented the same, and started to tell her father about it, when defendant jumped in his car and hurriedly left.

The evidence further showed that the justice of the peace at Moran, near which all of the parties lived, was the plaintiff's grandfather, and that when Mr. Elliott first went to him for the purpose of getting a search warrant the justice told him that he didn't have a blank, but that he would get some; that when Mr. Elliott and the sheriff went out to the home of Mrs. Forbess she invited them in, and said that she had been expecting them several days. Mrs. Forbess denied this statement. On the trial of the theft charge, when Mrs. Forbess testified that Mrs. Elliott had given her the things she was charged with stealing, the county attorney, having no evidence to contradict this testimony, asked the court to instruct the jury to acquit her.

[2] Mr. Elliott and his sister-in-law and his second wife, whom he had married in January following his first wife's death in March, testified to facts which contradicted the testimony of the plaintiff, but the jury were the judges of the credibility of the witnesses and of the facts proven, and we cannot say that there was not sufficient evidence to sustain the judgment. It may be that this court would have reached a different conclusion from that reached by the jury in the trial court, yet in the face of the findings of the jury, sustained as they are by the evidence of plaintiff and her witnesses, the verdict of the jury is binding upon us.

[3, 4] We do not think that the verdict for $500 can be held excessive. Plaintiff introduced a number of witnesses who testified as to her previous good character, and she testified that the charge had caused her much mental anguish and humiliation. When the facts are not contested, probable cause is a question of law. Ramsey v. Arrott, 64 Tex. 320. But when the facts are contested, that issue must be submitted to the jury for determination, with appropriate instructions as to the principles of law by which the jury is to be governed in the investigation. There is no assignment directed to the charge given by the trial court or the failure to give any charges submitted by the defendant. It is only a question of whether or not the evidence in the case is sufficient to sustain the judgment, and we are constrained to hold that it is.

For the reason given, the judgment below will be affirmed.