**MISSOURI, K. & T. RY. CO. OF TEXAS v. PATTERSON.  (No. 7458.)**

(Court of Civil Appeals of Texas. Galveston. May 5, 1921. Rehearing Denied May 26, 1921.)

**Appeal and error ⊙⊐1003—Verdict not disturbed unless so against great weight of evidence as to be clearly wrong.**

Appellate court will not interfere with the verdict, unless so against the great weight of the evidence as to be clearly wrong (Vernon's Ann. Civ. St. Supp. 1918, art. 1639, notes 13–16).

Appeal from District Court, Waller County; J. D. Harvey, Judge.

Action by W. R. Patterson against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff was affirmed by the Court of Civil Appeals (204 S. W. 1026), but was reversed and cause remanded to Court of Civil Appeals by the Supreme

Court for consideration of defendant's assignments 1 to 3, inclusive (228 S. W. 119). On consideration of such assignments judgment affirmed.

C. C. Huff, of Dallas, and Lane, Wolters & Storey, and T. B. Blanchard, all of Houston, for appellant.

Meek & Kahn, of Houston, and R. E. Hanney, of Hempstead, for appellee.

GRAVES, J. At a former term this court declined to consider assignments of error 1 to 3, inclusive, and 8, as presented by the plaintiff in error in this cause, and affirmed the judgment of the trial court. 204 S. W. 1026.

On writ of error the Supreme Court has since held that we erred in refusing to entertain the first three of these assignments, and reversed and remanded the cause to this court, with direction that it consider these assignments. M., K. & T. Ry. Co. v. Patterson, 228 S. W. 119. Pursuant to superior authority, that has accordingly been done.

The assignments are as follows:

"First. The court erred in overruling defendant's motion for a new trial, because the verdict of the jury is against the great preponderance of the evidence, and is not supported by the great weight weight of the evidence, in this: The great preponderance of the testimony, if not all of the testimony, conclusively shows that plaintiff's crops would have been destroyed by the flood waters of the Brazos river, even if there had been no railroad embankment and bridge constructed across the Brazos river and the Brazor bottom at the point in question.

"Second. The court erred in overruling defendant's motion for a new trial, because the verdict of the jury is against the great preponderance of the testimony, in this: That the great weight of the testimony develops conclusively that the erection of said bridge and construction of said culverts and embankment were not the proximate cause of the damage to plaintiff's land.

"Third. The court erred in overruling defendant's motion for a new trial, because the verdict of the jury is contrary to the great preponderance of the evidence, and is not supported by the weight of the testimony, in this: That the great preponderance of the testimony develops that plaintiff's crops were destroyed and his land damaged by water coming directly from the Brazos river, and not by any backwater impounded by said embankment or railroad bridge."

A careful review of the statement of facts has convinced this court that none of these assignments can be sustained. Under other assignments the same general question and theory of the case, as well as the whole body of the evidence, was before considered, and in our original opinion this was said:

"To the findings already made may be added that the evidence disclosed two antagonistic theories as to how the damages complained of were brought about; that offered by appellee tended to support his averments that the railroad embankment and bridge so obstructed diverted the natural flow of, and impounded the water of, the river as to cause them both to flow aross and back up on the lands affected; while that for appellant tended to substantiate its main defense that the flood was so great and the volume of water coming down the river so overwhelming as to have necessarily caused any injuries shown to have resulted, even if its bridge and embankment had not been there; the body of the testimony as a whole, in our opinion, was susceptible of the application of either theory, and under that conclusion this court is not at liberty to set aside the jury's adoption of the one advanced by appellee."

That conclusion is still the view we are compelled to take after a reconsideration of the evidence presented in substantiation of the three assignments now under review.

It may be that the preponderance was against the jury's verdict, and that this court, if it had been its province to pass upon the matter in the first instance, would have found in accord with the theory of the railway company thus advanced; still there undoubtedly was—as we conclude—sufficient evidence to support the findings made, and they could not be said to be so against its great weight as to be clearly wrong. Only in such event would an appellate court interfere. 1918 Supp. Vernon's Statutes, art. 1639, notes 13 to 16 inclusive, and cited authorities.

Our former judgment having been in its entirety vacated by the decree of the Supreme Court referred to, it is now again ordered that the judgment of the trial court be, and the same is, in all things affirmed.

Affirmed.