## GRIMES v. TRACY–MAYSFIELD OIL & GAS CO. et al.   (No. 6623.)

(Court of Civil Appeals of Texas. Austin. Oct. 3, 1923. Rehearing Denied Nov. 15, 1923. Writ of Error Dismissed for Want of Jurisdiction Jan. 9, 1924.)

1. **Bills and notes ⬅443(1), 467(1)—Allegation of assignment to equitable owner suing on note held unnecessary; equitable owner may sue.**

In an action on a note by an unincorporated company and certain individuals as trustees of it, where it was alleged that the note, though payable to four of the trustees individually, was given for the use and benefit of plaintiff company, an allegation of an assignment by the nominal payees to plaintiff was unnecessary, the equitable owner of the note being entitled to sue thereon.

2. **Appeal and error ⬅1060(3)—Failure to instruct jury to disregard improper argument of counsel quoting witness held not prejudicial.**

Failure to instruct the jury to disregard remarks in argument of appellee's counsel, stating what a witness had told counsel he testified to, *held* not prejudicial, although the remark was improper, as the jury could easily decide whether counsel correctly quoted the witness.

3. **Appeal and error ⬅1002—Verdict on conflicting evidence not disturbed unless clearly against preponderance thereof.**

A verdict on conflicting evidence will not be disturbed unless clearly against a preponderance thereof.

On Motion for Rehearing.

4. **Bills and notes ⬅491—Defendant has burden of proving defenses.**

A defendant, having admitted execution of notes, has the burden of proving defenses set up to defeat same.

Appeal from District Court, Bell County; M. B. Blair, Judge.

Action by the Tracy-Maysfield Oil & Gas Company and others against W. F. Grimes. Judgment for plaintiffs, and defendant appeals. Affirmed.

Edmund Heinsohn, of Temple, for appellant.

Jno. B. Daniel, of Temple, for appellees.

BAUGH, J. Tracy-Maysfield Oil & Gas Company, an unincorporated joint-stock company, and A. F. Schofield, S. F. Lamb, S. M. Messer, W. B. Birchum, Gus Kallas, R. R. Campbell, D. Sweig, W. B. McCall, and W. G. Gillis, trustees of said company, sued appellant on two promissory notes, one for $250, dated January 10, 1920, and the other for $1,650, dated February 2, 1920, both executed by appellant, and both payable to the order of A. F. Schofield, S. M. Messer, S. F. Lamb, and W. B. Birchum. Appellee, plaintiff below, alleged that such notes, though payable to said Schofield, Messer, Lamb, and Birchum, were executed to them as trustees and officers of the Tracy-Maysfield Oil & Gas Company, for the use and benefit of said company, and for stock in said company, and that such was the agreement between the parties at the time.

Appellant defended on four grounds:

First. That said notes were given in connection with an optional contract, made orally, between the appellant, W. F. Grimes, and A. F. Schofield, for the purchase of stock and acreage in said company, which option was never exercised.

Second. In the alternative, that the consideration for said notes failed, in that no acreage or stock was ever issued to appellant.

Third. That said notes were procured through fraud.

Fourth. That such notes were the property of the payees, individually, and not of the Tracy-Maysfield Oil & Gas Company.

These defenses were submitted to the jury on special issues, and the jury found against the appellant on all of them; and, based on said findings, the court rendered judgment against the appellant for the full amount of the notes, including interest and attorney's fees.

Opinion.

[1] Appellant insists that the trial court erred in not withdrawing the notes as evi-

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

dence, because the payees were not parties plaintiff, and that plaintiff did not allege an assignment of the notes by the payees to the company. The plaintiff did allege, however, that the payees in said notes were trustees of the plaintiff company, and that said notes were taken for the use and benefit of the plaintiff company; and the jury so found. It was not necessary under such circumstances to allege an assignment. It is the settled law of this state that the equitable owner of a note can maintain an action upon it, in his own name, though the legal title may be in some one else. Guest v. Rhine, 16 Tex. 549; G., H. & S. A. Ry. Co. v. Freeman, 57 Tex. 157; Maxwell-Clark Drug Co. v. Singley (Tex. Civ. App.) 152 S. W. 827.

[2] Appellant also urges that the court erred in failing to instruct the jury to disregard certain remarks used by appellee's attorney in his argument. In these remarks said attorney quoted what a witness, after the evidence had closed, had told such attorney that he had testified while on the witness stand. The witness' testimony, however, was already before the jury, and, though such a remark was improper, we think the jury could easily decide whether or not counsel did correctly quote the witness, and his statement as to what the witness had told him later as to what he had sworn on the witness stand did not, we think, influence the jury in arriving at their verdict.

[3] All other assignments of error relate either directly or indirectly to questions of fact set up by the appellant as defenses, on which the jury found against him. Appellant complains that such findings are contrary to the evidence, not supported by the evidence, etc. We have carefully read the evidence, and, though it is conflicting, there appears sufficient testimony to support the findings of the jury. A verdict on conflicting evidence will not be disturbed on appeal. It is the special province of the jury to pass upon the credibility of the witnesses and the weight to be given their testimony, and only in extreme cases, where the verdict is so overwhelmingly against the preponderance of the evidence as to show that it was wrong, or was the result of some passion, prejudice, or improper motive, will the appellate courts set it aside. Gray v. Stolley (Tex. Civ. App.) 230 S. W. 866; Forbess v. Elliott (Tex. Civ. App.) 230 S. W. 888; M., K. & T. Ry. Co. of Tex. v. Patterson (Tex. Civ. App.) 230 S. W. 1051.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.

### On Motion for Rehearing.

[4] The appellant in his motion for rehearing, as on the original appeal, addresses his complaints of error almost entirely to questions of fact on which the jury found on the trial. Appellant does not deny the execution of the notes, but seeks to defeat payment on the defenses set out in the original opinion herein. He apparently assumes that, because he, himself, testified to certain matters, these matters must be taken as established. In this he loses sight of the fact that when he sought to defeat his notes the burden of establishing his defenses was shifted to him. The jury had a right, if they saw fit, to disbelieve his testimony entirely. That was their province. We are not authorized to invade it.

Appellant having failed to discharge the burden, and the jury having found against him on questions of fact, the judgment of the trial court must be sustained. Motion for rehearing is therefore overruled.

Motion overruled.