## W. G. WILSON v. W. R. HAMPTON ET AL.

SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

*Action—Joinder*—All parties having an interest in the subject matter, may join in the same suit, although they may claim different interests.

*Same—Vendor's Lien.*—Two parties holding notes secured by vendor's lien on the

same land, may join in an action to recover the amounts due upon their respective notes, and to foreclose the lien.·

*Pleading.*—Where the suit is brought by the payee of a note, and it is alleged that the note was executed and delivered to him, it is not necessary to allege that he is still the owner and holder of the same.

*School Land—Sale—Lien.*—The purchaser of school land may sell and convey the same upon credit, and foreclose his lien thereon while the title remains in the State—such foreclosure will only affect the interest of the defaulting purchaser.

Appeal from Stephens county.

·Here the two notes sued on were executed by appellant to the appellee for the purchase money of the land described in the petition, and Hampton assigned one of the notes to Ledbetter, and they join in this suit to recover the amount due upon their respective notes, and to foreclose the lien upon the land, as a right in common between them.

The first proposition is that there was a misjoinder of parties plaintiff, and that the court erred in overruling the exception to the petition, presenting that question.

In this state the rule is the same as in equity, that is, all parties having an interest in the subject matter, may join in the same suit. And there is no objection to the joinder of plaintiffs, because they may claim different interests, provided the subject matter is the same. (Faulk v. Faulk, 23 Tex., 655).

Any person having an interest in the subject matter, which can be effected by the decree may join in the suit. (Garrett v. Gaines, 6 Texas, 435).

So far as the amount sought to be recovered upon their respective notes, neither party is interested in the claim or debt of the other. But each had a common interest in the foreclosure of the lien, to secure the payment of their respective claims. (Wooters v. Hollingsworth, 58 Texas, 374; Salmon v. Downs, 55 Texas, 243).

Then so far as the foreclosure of the lien formed the subject matter of the suit, they were both interested, and under our liberal system where the primary rule is, to adjust all matters in the same controversy, where that may be reasonably accomplished, there is no valid objection to their joining as plaintiffs in the suit.

By the allegations in the petition it is shown that the notes were executed and delivered to Hampton, who was the payee therein,

and that he assigned one of the notes to Ledbetter, and that he is the legal owner and holder of the same.

The objection urged is, that it is not alleged that Hampton was the owner and holder of the other note. It is well settled, that where the suit is brought by the payee of a note, and it is alleged that the note was executed and delivered to him, it is not necessary to allege that he is still the owner and holder of the same.

Lastly the objection is made, that as it appeared, that the title to the land upon which the lien was foreclosed, was still in the state for the benefit of the school fund, that no vendor's lien would arise out of the assignment or sale of the same upon a credit. In support of that proposition appellant cites and relies upon Palmer v. Chandler, 47 Texas, 333. That was where a pre-emptor, who had not resided upon or occupied public land for the time prescribed by law, to enable him to obtain title, sold the same on a credit, and afterwards undertook to foreclose a vendor's lien, and the court said: "It would be simply absurd to say, that there is a vendors lien to secure the payment of the purchase-money, when the vendor has no such title or interest in the land sold, as will serve as a consideration, for a promise to pay the purchase money, and when the vendee may recover it back, if paid."

But in the case of Bybee v. Wadlington, Texas Law Journal, Vol. 5, p. 84, when a pre-emptor had occupied the land for three years, it was held that the suit could be maintained on a note given to the preemptor for his right to the same. This was upon the ground, that having occupied the land for the time prescribed by law, that this vested in him such interest or equity in the land, as would support the promise.

However this was school land which Hampton had by executory contract purchased from the state, under and by virtue of the provisions of the act of July 8th, 1879, R. S. Ap. 39.

He had so far complied with the terms of that act as to make the first payment, and deposit with the proper authorities, his obligation for the deferred payment; and the land had become subject to taxation; and Hampton was by the terms of the act authorized to sell and assign his right to it.

Therefore there is no similarity between the case and those cited by appellant. Here Hampton undoubtedly had such an interest in the land, as would support the promise made by appellant to pay

for it. A right clearly recognized by the state, and made the subject of sale and conveyance by law.

However it is claimed that as the title still remained in the state, for the benefit of the school fund, that no lien could be foreclosed upon the land. The purchaser of school land after complying with the law in making the first payment, and depositing his obligations for the deferred payment, occupied toward the state, very much the position of one, who has purchased from another, land upon credit, and taken a bond for title. When he complies with the statute in the one case, and with the terms of the bond in the other, he places himself in a position that entitles him to a conveyance of the fee. In other words his purchase is executory and the title contingent. But while in *fieri* the purchaser under the bond for title may sell and convey upon credit, and may sue upon the note or notes and foreclose his lien. But that would not affect or in any manner divert the superior title out of the obligor in the bond; a purchaser at such sale would simply take the place of the obligee in the bond, and by performing its condition, would entitle himself to a conveyance of the fee. So in case of an executory purchase of school land, the purchaser from the state, may sell and convey upon credit, and foreclose his lien; but the purchaser at that sale would only be abrogated to the rights of the first purchaser, and by complying with the terms of the statute, would entitle himself to a conveyance of the fee. In either case the foreclosure only affects the interest of the defaulting purchaser.

There is nothing in the argument that to allow such foreclosure and sales would be against public policy, creating confusion and inconvenience in the department. Such lands may be sold and conveyed by contract, and why would not a sale by operation of law be equally as efficacious?

Our conclusion is, that the judgment ought to be affirmed.

Adopted. Watts, J.