## CITIZENS' BANK v. BRANDAU et al.*
### (No. 10123.)

Court of Civil Appeals of Texas. Dallas. Nov. 19, 1927.

Rehearing Denied Dec. 17, 1927.

**1. Courts ⟜481—Party to merely voidable judgment cannot sue in another court to enjoin enforcement (Rev. St. 1925, art. 4656).**

Party to merely voidable judgment cannot maintain suit in another court than that in which rendered to enjoin its enforcement; Rev. St. 1925, art. 4656, being mandatory.

**2. Courts ⟜487(7)—Orders setting off hearing and transferring suit to enjoin enforcement of judgment to district court, wherein rendered, made restraining order returnable thereto as rejuired (Acts 39th Leg. [1925] c. 61, §§ 6, 7; Rev. St. 1925, art. 4656).**

Simultaneous orders of 44th district court of Dallas county, setting off for over two weeks hearing of suit, docketed by clerk in such district, as required by Acts 39th Leg. (1925) c. 61, §§ 6, 7, to enjoin enforcement of judgment, rendered by 101st district court, and transferring case to latter court, wherein hearing was had and judgment rendered, made restraining order returnable thereto, as required by Rev. St. 1925, art. 4656.

**3. Judgment ⟜521—Suit to enjoin enforcement of judgment, rendered in court to which suit was transferred, held "direct attack" (Acts 39th Leg. [1925] c. 61; Rev. St. 1925, art. 4656).**

Suit to enjoin enforcement of judgment, rendered by 101st district court of Dallas county, having been tried in such court, to which transferred by 44th district court wherein docketed, in harmony with provisions of both Rev. St. 1925, art. 4656, and Acts 39th Leg. (1925) c. 61, regulating practice in district courts of such county, was a direct, not a collateral, attack on such judgment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Direct Attack.]

**4. Judgment ⟜452—Grantors disclaiming interest in petition to enjoin enforcement of judgment foreclosing lien of judgment against them held improperly joined as plaintiffs.**

Grantors, who were not parties to default judgment, foreclosing lien of judgment against them on realty conveyed, and disclaimed any ownership or interest therein in petition, filed by them and grantees, to enjoin enforcement of default judgment, *held* improperly joined as plaintiffs in injunction suit.

**5. Judgment ⟜405—Grounds for interference with final judgment of court of competent jurisdiction after term are narrow and restricted.**

Bills for relief, after expiration of term, from final judgments rendered in ordinary course of administration of justice by courts of competent jurisdiction are regarded with extreme jealousy by courts of equity, and grounds on which interference will be allowed are narrow and restricted.

**6. Judgment ⟜405—To enjoin enforcement of default judgment after term, person aggrieved must clearly show diligence and merit, as well as injustice.**

To enjoin enforcement of default judgment after expiration of term, it is not sufficient to show that injustice has been done thereby, but it must further distinctly and clearly appear that such result was not caused by any inattention or negligence of person aggrieved, and he must show clear case of diligence and merit.

**7. Judgment ⟜447(1)—One seeking relief from default judgment after term must clearly show good defense, prevented by fraud, accident, opponent's acts, injustice, and good ground to suppose different result on new trial.**

Relief against default judgment will not be granted after expiration of term, unless party seeking it shows clearly to chancellor's satisfaction that he has good defense, which he was prevented from making by fraud, accident, or acts of opposite party, without fault or negligence on his part, that verdict and judgment are unjust and inequitable, and that there is good ground to suppose that different result will be attained by new trial.

**8. Judgment ⟜460(1)—Petition to enjoin enforcement of default judgment after term held demurrable as not negativing negligence or showing fraud, accident, or acts of adversary preventing defense.**

Petition to enjoin enforcement of, and set aside, default judgment, after expiration of term, was demurrable, in absence of allegations tending to relieve petitioners from imputation of negligence in failing to answer and defend suit, or showing that they were prevented from defending it by fraud, accident, or acts of adverse party.

**9. Pleading ⟜8(6)—Allegations of petition to enjoin enforcement of judgment foreclosing lien of prior judgment that plaintiffs could show good-faith conveyance of realty by judgment debtors for valuable consideration held mere conclusions.**

Allegations of petition to enjoin enforcement of, and set aside, default judgment after expiration of term, that plaintiffs have valid defense to action to establish and foreclose lien of prior judgment, in that they can show that realty was conveyed by judgment debtors to their plaintiffs in good faith for valuable consideration, without intent to hinder, delay, and defraud defendant, *held* mere conclusions, insufficient to impeach justice and equity of judgment, or show good reason to expect different result on another trial.

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused March 7, 1928.

**10. Judgment ⬤➾460(6)—Petition not alleging facts showing good faith, consideration paid, and absence of fraud in conveyance of realty does not warrant injunction against enforcement of default judgment foreclosing lien of judgment thereon.**

In absence of allegations of facts showing good faith, consideration paid, and absence of fraud on creditors in conveyance of realty by judgment debtors, it cannot be determined that default judgment, establishing and foreclosing lien of such prior judgment, is unjust, or that there is reason to believe a different result may be reached on another trial, as required to enjoin enforcement of default judgment.

**11. Judgment ⬤➾793(5) — Judgment debtors conveying realty held not necessary parties to suit to foreclose lien of judgment thereon.**

Suit to establish and foreclose lien of judgment on realty, conveyed by judgment debtors to others, being in nature of action in rem to subject land to payment of lien, judgment debtors were not necessary parties to suit, though plaintiff sought to establish conveyance while insolvent, with intent to hinder, delay, and defraud creditors.

**12. Judgment ⬤➾138(1) — Default judgment cannot be set aside as not supported by evidence.**

A default judgment cannot be reopened and set aside because not supported by evidence or sufficient legal evidence.

**13. Judgment ⬤➾126(1)—Evidence is not required to support default judgment, unless cause of action is unliquidated or not proved by written instrument (Rev. St. 1925, art. 2157).**

Evidence is not required to sustain default judgment, except where cause of action is unliquidated or not proved by instrument in writing, in either of which cases court must hear evidence only as to damages, under Rev. St. 1925, art. 2157.

**14. Judgment ⬤➾126(1)—Allegations of petition must be taken as proved and admitted after default judgment, unless cause of action is unliquidated or not proved by written instrument (Rev. St. 1925, art. 2157).**

In all instances not provided for by Rev. St. 1925, art. 2157, and on all other issues than that of damages as to which court is required to hear evidence by such act, if cause of action is unliquidated or not proved by written instrument, allegations of petition are to be taken as proved and admitted after default judgment.

Appeal from District Court, Dallas County; Claude M. McCallum, Judge.

Suit by W. H. Brandau and others against the Citizens' Bank of Hattiesburg, Miss. From an interlocutory judgment granting a temporary injunction, defendant appeals. Reversed and rendered.

Dabney, Goggans & Ritchie, of Dallas, for appellant.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellees.

LOONEY, J. This is an appeal from an interlocutory judgment of the 101st district court of Dallas county granting a temporary injunction, restraining the sale of real estate under a former judgment rendered by said court.

On July 22, 1926, the Citizens' Bank, of Hattiesburg, Miss., a state banking corporation, instituted suit in the 101st district court of Dallas county against Harry Beck, Zora Beck, his wife, W. H. Brandau, and wife, Mae Brandau, on a judgment for $9,200 recovered by the Magnolia Company in the United States District Court for the Northern District of Texas, at Dallas, against Harry Beck and D. H. Beck. The judgment was transferred to the Citizens' Bank, and an abstract of same was recorded in the judgment abstract records of Dallas county. The purpose of the suit was to establish the judgment as a lien and to foreclose the same on certain real estate located in the city of Dallas, formerly owned by Harry Beck, but conveyed by him and wife to W. H. Brandau and wife by regular warranty deed. The Citizens' Bank alleged that the conveyance from Beck and wife to the Brandaus was in fraud of creditors and sought to have said deed canceled.

On October 13, 1926, as Beck and wife had not been served with citation, the case was dismissed as to them, and judgment by default was taken against Brandau and wife.

In the default judgment, the court decreed a cancellation of the deed from Beck and wife to Brandau and wife, established the federal court judgment before mentioned as a lien on the real estate, and ordered it sold to satisfy the amount of the judgment, interest, and costs. An order of sale was duly issued and placed in the hands of C. M. Hart, a constable of Dallas county, who levied the same on the property in question, and advertised the same for sale on the first Tuesday in May, 1927.

At this juncture in the proceedings, Beck and wife and Brandau and wife filed this suit to enjoin, review, and set aside said judgment.

This case was docketed by the clerk in the 44th district presided over by Hon. Towne Young, who, on April 29, 1927, granted a temporary restraining order, directed the clerk to issue notice to the defendants to appear on May 14, 1927, to show cause why the restraining order should not be continued in force, and contemporaneously entered an order transferring the cause to the 101st district court.

On the day set for hearing, to wit, May 14, 1927, the 101st district court, being unable because of other matters to hear the cause, postponed the same without prejudice to May 28, and again postponed the hearing until June 2, 1927. On the latter date, the

court overruled the plea to the jurisdiction of the court urged by appellant, its plea of misjoinder, the general demurrer urged to plaintiff's petition, and various special exceptions except Nos. 9 and 10, and the allegations at which they were leveled were stricken out, and, on further hearing, the court entered judgment continuing in full force and effect the restraining order as a temporary injunction until the case is finally heard on its merits. To all of which appellant duly excepted and from which it has perfected and prosecutes this appeal.

The first question presented by appellant is that the trial court erred in not sustaining the plea challenging its jurisdiction.

This contention is based on the idea that the restraining order should have been made returnable to the 101st district, the court that rendered the judgment under review, and that the failure so to do was not remedied by a transfer of the cause by the 44th district to the 101st.

[1] Appellant cites, in support of its position, article 4656, Revised Statutes 1925, which is, in part, as follows:

"Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered."

Appellant also cites a number of decisions holding in effect that this statute is mandatory, and, where the judgment attacked is not void, but merely voidable, a party thereto cannot maintain a suit in another court to enjoin its enforcement. The following cases announced this doctrine: Baker v. Southplains R. Co., 107 Tex. 566, 182 S. W. 287; Carey v. Looney, 113 Tex. 93, 251 S. W. 1040; Landa Cotton Oil Co. v. Watkins (Tex. Civ. App.) 255 S. W. 775; Murphy v. Bass (Tex. Civ. App.) 276 S. W. 767.

The proposition contended for by appellant is correct and should undoubtedly control in a case where applicable, but our opinion is that it has no application to the case at bar.

[2] When this case was filed, the district clerk, who was clerk of all the district courts of Dallas county, docketed the same in the 44th district, as he was required to do by the act of the regular session of the Thirty-Ninth Legislature (chapter 61) approved March 9, 1925, which provides:

"Section 6. The letters A, B, C, D and E shall be placed on the dockets and court papers in the respective district courts of Dallas county to distinguish them, A being used in connection with the 14th district court, B, the 44th district court, C the 68th district court, D the 95th district court, and E the 101st district court.

"Section 7. All suits, prosecutions and proceedings hereafter instituted in the district courts of Dallas county shall be numbered consecutively, beginning with the next number after the last file number on the dockets of the existing courts, and shall be entered by the district clerk upon the dockets of said courts alternately, beginning with the 14th district court; next, the 44th district court, third, the 68th district court; fourth, the 95th district court; and fifth, the 101st district court. * * *"

Under the act that regulates practice in the civil district courts of Dallas county, Hon. Towne Young, judge of the 44th district, was authorized to issue the restraining order in question, and to transfer the cause to the 101st district. While the fiat of the judge did not make the writ returnable to any named court, the effect of the simultaneous orders entered, that is, setting the hearing off for more than two weeks, and transferring the case to the 101st district, was to make the writ returnable to the latter court, hence the action of the clerk on issuing the writ the following day in making it returnable to the 44th district was unauthorized.

Appellant filed its plea and answer to the merits in the 101st district, where the hearing was had and the judgment appealed from was rendered.

We therefore hold that the restraining order was by the judge made returnable to the 101st district court, where the judgment sought to be enjoined was rendered, and that the provisions of article 4656, Revised Statutes 1925, in this respect were fully satisfied.

[3] Appellee insists with great plausibility that the acts that regulate practice in the civil district courts of Dallas county have superseded article 4656 in the respect now under consideration. Under these acts, a litigant has no option to choose the court in which a case shall be docketed; it is the duty of the clerk to number cases consecutively and docket them alternately in the different civil district courts. The judge of each court is given authority in his discretion to exchange benches or districts to try and determine in his own courtroom any case or proceeding pending in any other court without having the case transferred; to sit in any other of said courts and hear any case there pending; to issue restraining orders and injunctions returnable to any other court or judge, and transfer any cause or proceeding, pending in his own court, to any other court, and the judge of any other court, to which a case or proceeding is transferred, shall receive and try the same, and in turn is authorized in his discretion to transfer any such cause to any other of said courts. Appellees insist that the effect of these statutes is to obliterate any distinction between the civil district courts of Dallas county, that these several courts constitute parts of a greater judicial organism, and that the provisions of the acts of the Legislature in question are inconsistent with article 4656.

This contention is worthy of serious consideration, but we do not deem it necessary

to pass on the question, because, under our view as above set forth, these proceedings have been conducted in harmony with the provisions, both of article 4656 and the acts of the Legislature that regulate practice in the civil district courts of Dallas county, and for these reasons we also hold that the present suit is a direct, and not a collateral, attack on the judgment as contended by, appellant.

[4] Appellant urges the proposition that, as Beck and wife were not parties to the judgment complained of and disclaim any interest in the land sought to be sold under the judgment, they were improperly joined as plaintiffs, hence the court erred in not sustaining appellant's plea of misjoinder and dismissing them from the suit.

This contention is, in our opinion, well taken. Beck and wife were not parties to the judgment complained of. They disclaim, in the petition filed in this suit, any ownership or interest in the real estate affected by the judgment, and therefore show no right to enjoin its execution. McGhee v. Romatka, 18 Tex. Civ. App. 436, 44 S. W. 700. We are of the opinion, therefore, that the court erred in overruling the plea of misjoinder.

The controlling question in this case, however, arose on the action of the trial court in overruling appellant's general demurrer to the petition of appellees. Appellant contends that the petition did not allege a cause of action in that it failed to show that the judgment complained of was not the result of negligence on the part of appellees, nor does it show that the judgment resulted from fraud, accident, or the act of appellant, nor that it is unjust, and there is reason to believe a different result may be reached on another trial.

[5-7] A clear statement of the rules governing courts of equity in reviewing judgments after the term of court has expired is found in Johnson v. Templeton, 60 Tex. 238, from which we quote the following:

"Such bills seeking relief from final judgments, solemnly rendered in the due and ordinary course of the administration of justice by courts of competent jurisdiction, are always watched by courts of equity with extreme jealousy, and the grounds upon which interference will be allowed are, confessedly, narrow and restricted.

"It will not be sufficient to show that injustice has been done by the judgment sought to be enjoined. It must further distinctly and clearly appear that this result was not caused by any inattention or negligence on the part of the person aggrieved, and he must, among other matters, show a clear case of diligence and of merit to obtain the interference of a court of equity in his behalf at such a stage of the case. * * *

"Relief will not be granted unless the party seeking it can show clearly to the satisfaction of the chancellor that he has a good defense to the action, which he was prevented from making by fraud, accident or the acts of the opposite party, wholly unmixed with any fault or negligence on his part. He must be able to impeach the justice and equity of the verdict and judgment of which he complains, and to manifest clearly to the court that there is good ground to suppose that a different result will be attained by a new trial."

To the same effect see Harn v. Phelps, 65 Tex. 592, 597; Blackwell, etc., v. Perry (Tex. Civ. App.) 174 S. W. 935, 937; Coffee v. Ball, 49 Tex. 16, 26; Cooper v. Cooper (Tex. Civ. App.) 260 S. W. 679, 680.

[8] After certain matter was stricken out on special exception, the petition, as presented for our consideration, contains no allegation that tends in any way to relieve appellees from the imputation of negligence in failing to answer and defend the suit that resulted in the default judgment. Nor do appellees show they were prevented from defending the suit by fraud, accident, or the acts of the adverse party. In the absence of these essential allegations, the petition was clearly demurrable under the rules announced above.

[9, 10] They also fail to sufficiently impeach the justice and equity of the judgment, nor do they allege facts showing good reason to believe a different result may be expected on another trial. Their allegations that attempted to raise these issues are as follows:

"Plaintiffs further allege that they have a valid defense to the cause of action asserted by the Citizens' Bank in cause No. 63965-E, in that they can show that the action between Harry Beck, Zora Beck, W. H. Brandau and wife, Mae Brandau, was absolutely in good faith; that said deed was executed for a valuable consideration; that there was no intention on the part of the grantors nor of the grantees to said deed to hinder, delay, and defraud the Citizens' Bank in the collection of its debt."

These are, in our opinion, mere conclusions. In order that the court may know of what the defense consists, facts should have been alleged showing good faith, the consideration paid, and that negatived the charge made by plaintiff that the land was conveyed in fraud of creditors. In the absence of allegations of such facts, it cannot be determined that the judgment rendered by default is unjust or that there exists reason to believe a different result may be reached on another trial. Wheat v. Ward County, etc. (Tex. Civ. App.) 217 S. W. 713; Schultz v. Burk (Tex. Civ. App.) 227 S. W. 700, 701.

[11] Appellees contend, however, that the judgment complained of is void for the reason that Harry Beck and wife should not have been dismissed from the suit; that they were necessary parties, inasmuch as appellant sought to establish the fact that Beck, while in a state of insolvency, known to Brandau, conveyed the real estate in question with the intent to hinder, delay, and defraud creditors, and also sought cancellation

of the deed of conveyance and to foreclose the judgment lien on the land.

This position, in our opinion, is not well taken. The suit in which the judgment complained of was rendered was not instituted for the purpose of obtaining a general judgment against Beck and wife, but was in the nature of an action in rem, to subject land which had been charged with the judgment lien, to its payment. Beck conveyed his entire interest in the land to Brandau—hence he was not a necessary party to the suit, although he may properly have been joined. Monroe v. Buchanan, 27 Tex. 242, 248; Silliman v. Gammage, 55 Tex. 365, 372; McDowell v. Jones Lumber Co., 42 Tex. Civ. App. 260, 93 S. W. 476; Bank of Commerce, etc., v. McArthur (C. C. A.) 256 F. 84, 86.

In the federal court case just cited a similar proposition to the one involved here was disposed of by the Circuit Court of Appeals, Fifth Circuit, in the following language:

"The property sought to be subjected to the satisfaction of the appellant's demands is the above referred to Florida property which formerly belonged to Adam McArthur, and was transferred by him as above stated. Under the averments of the bill, that former owner of the property in question no longer has any interest in it. He has no such interest in the subject of the suit as requires that he be made a party to it. He would not be prejudiced or affected by a decree subjecting the property in question to the satisfaction of the appellant's demands. The attacked transfers and conveyances are binding as between him and his transferees or grantees, the resident defendants proceeded against. The averments of the bill show that those transfers are not binding upon the appellant, the transferor's creditor. Relief sought could be granted without affecting either of the three nonresidents who were named as defendants. As to them, the suit can be abated, and it may then be prosecuted against the resident defendants. No one of the three named nonresidents is an indispensable party to the suit."

[12, 13] Another ground for setting aside the judgment insisted upon by appellees is that:

They "have reason to believe and do believe that said judgment was rendered by the court without hearing any evidence on the solvency of Harry Beck and on the question of fraudulent intent of the said Harry Beck and W. H. Brandau in the execution and acceptance of said deed, and without evidence to support a judgment canceling said deed and setting same aside."

This contention in effect involves the proposition that, after default, a judgment may be reopened and set aside because evidence or sufficient legal evidence was not introduced as a basis for its rendition. We do not understand this to be the law. On the contrary, we understand the thoroughly well-established rule to be that evidence is not required when default is made, except where the cause of action is unliquidated, or is not proved by an instrument in writing, and in either of such cases the court shall hear evidence only as to the damages.

[14] Article 2157, Revised Statutes 1925, makes provision for such a situation as follows:

"If the cause of action is unliquidated or be not proved by an instrument in writing, the court shall hear evidence as to damages and shall render judgment therefor, unless the defendant shall demand and be entitled to a trial by jury in which case the judgment by default shall be noted, a writ of inquiry awarded, and the cause entered on the jury docket."

In all instances not provided for by this statute and on all other issues, the allegations of the petition are to be taken as proved and admitted. This is the legal consequence of a judgment by default. Long v. Wortham, 4 Tex. 381; Ricks v. Pinson, 21 Tex. 508; Niblett v. Shelton, 28 Tex. 548; Tarrant County v. Lively, 25 Tex. Supp. 399; Union Central Life Ins. Co. v. Lipscomb (Tex. Civ. App.) 27 S. W. 307; Wandelohr v. Grayson National Bank (Tex. Civ. App.) 102 S. W. 746.

Appellees insist, however, that this court, in Paggi v. Rose Mfg. Co. (Tex. Civ. App.) 259 S. W. 962, held that the sufficiency of the evidence to sustain a judgment by default could be considered on a bill of review. We did not intend to announce such doctrine, nor do we believe our holding in that case is susceptible of such construction, in fact, we did not then have under review a judgment by default, as the defendant Paggi had filed an answer in which he denied under oath that a partnership relation existed between him and his codefendant, without proof of which plaintiff was not entitled to recover as against him. One of the grounds for the interposition of equity alleged for a review was that the judgment resulted from fraud, in that the answer of the defendant was suppressed, and the court and jury were led to believe defendant had not answered, and further, that the only proof offered on the issue of partnership was hearsay and incompetent.

The trial court sustained a general demurrer, from which appeal was prosecuted, hence we accepted these allegations as true and held that, under the sworn plea denying partnership, the burden was on Rose Manufacturing Company to establish that fact by legal and competent evidence, and in that sense we held that the sufficiency of the evidence to sustain the judgment could be considered. Our holding is not only not in conflict with the rule announced in the above cases, but is in perfect harmony with the rule announced where, as in that case, an answer was on file that required proof. See Pecos, etc., R. Co. v. Epps & Matsler (Tex. Civ. App.) 117 S. W. 1012.

It follows from what has been said that we are of the opinion the court erred in overrul-

ing appellant's general demurrer and in refusing to dismiss their petition for injunction. The judgment below is reversed and rendered for appellant, dissolving the temporary injunction, and dismissing petition for such relief. The case will stand for trial on its merits, in harmony with the views herein expressed.

Reversed and rendered.