## MILFORD v. CULPEPPER et al.
### No. 10840.

Court of Civil Appeals of Texas. Dallas.
May 30, 1931.

Rehearing Denied June 27, 1931.

Currie McCutcheon, of Dallas, for appellant.

Niblo & Dodd, of Dallas, for appellees.

LOONEY, J.

C. W. Milford conveyed a lot in Kessler Square addition in the city of Dallas to E. J. Culpepper and wife, Mary Ella Culpepper, in consideration, among other things, of two notes executed by grantees, payable to the order of the grantor, one for $3,150 and the other for $1,350, each secured by an express lien retained on the land. The first was further secured by a deed of trust in the usual form, in which W. L. Thornton was made trustee; the second was also further secured by a deed of trust in the usual form, in which Hugh January was made trustee. Milford transferred, without recourse, the note for $3,150 to the Mercantile Bond & Mortgage Company, agreeing that it should have priority in payment over the note for $1,350. The Bond & Mortgage Company transferred the note to Jacob Green, who caused Thornton, trustee, to sell the land under the trust deed, and at the sale Green became purchaser, and thereafter conveyed the land to defendant Roland B. Culpepper. In this status, Milford brought suit for debt and foreclosure on the $1,350 note against E. J. and Mary Ella Culpepper, makers, Roland B. Culpepper, holder of the legal title, and Green was also made a defendant, but as to him the case was dismissed on demurrer; therefore his relationship to the case will not be noticed further.

Plaintiff's petition contained allegations usual to an action on a note for debt and foreclosure, but in addition alleged that defendants entered into a conspiracy to extinguish or cut off the lien that secured the $1,350 note, and to this end the land was sold under the trust deed, was bought in by Green, and by him conveyed to Roland B. Culpepper, brother of E. J. Culpepper, who was holding the legal title for the use and benefit of the said E. J. Culpepper and wife.

The material allegations involving Roland B. Culpepper are these: "That while the deed proposes to be to Roland B. Culpepper, in truth and in fact the same was in furtherance of the scheme and device and conspiracy to cheat and defraud plaintiff, as aforesaid, and that the said Roland B. Culpepper is holding same (land) in trust for the defendants, E. J. Culpepper and, or, Mary Ella Culpepper, * * * and that although same (deed) is in the name of the said Roland B. Culpepper, same is a mere subterfuge and scheme, and that the said Roland B. Culpepper is holding said property in trust for the said E. J. Culpepper and, or, Mary Ella Culpepper, and that they are the true owners of same."

Defendants were duly cited and all answered, except Roland B. Culpepper, against

whom an interlocutory judgment by default was entered. On final trial, as before stated, the suit was dismissed as to Green, and judgment was rendered for plaintiff against E. J. and Mary Ella Culpepper for the amount of the note, principal, interest, and attorney fee, with foreclosure of the lien upon the land, but plaintiff was refused judgment of foreclosure against Roland B. Culpepper. As to him the judgment reads: "And it further appearing to the court that an interlocutory judgment by default with a writ of inquiry was rendered against the defendant, Roland B. Culpepper, on July 25, 1927, but that no testimony was introduced on the trial of this cause in support of same: It is therefore the order, judgment and decree of the court that the plaintiff, C. W. Milford, recover nothing against the said Roland B. Culpepper and he go hence without day, and that he recover of the plaintiff his costs in this behalf expended." Plaintiff excepted to the action of court in refusing foreclosure as to Roland B. Culpepper, gave notice of perfected appeal, and by appropriate assignments and propositions presents for revision the action of the court in this respect.

In view of the default judgment against Roland B. Culpepper, was it necessary for plaintiff to introduce evidence to entitle him to foreclosure, as held by the trial court? We do not think so. The truth of plaintiff's allegations was admitted by the default, and the allegations should have been accepted as established facts without evidence. It is only in instances where the cause of action is based upon an unliquidated demand, or not proven by an instrument in writing that evidence is required; that is, if the nature of the suit requires the assessment of damages. In all other cases and on all other issues, allegations of the petition must be taken as established. This is the construction and operation of a default judgment given in repeated decisions. The identical question was before us in Citizens' Bank v. Brandau (Tex. Civ. App.) 1 S.W.(2d) 466, 470 (writ refused). We quote what was said in that case in point, viz.: "This contention in effect involves the proposition that, after default, a judgment may be reopened and set aside because evidence or sufficient legal evidence was not introduced as a basis for its rendition. We do not understand this to be the law. On the contrary, we understand the thoroughly well-established rule to be that evidence is not required when default is made, except where the cause of action is unliquidated, or is not proved by an instrument in writing, and in either of such cases the court shall hear evidence only as to the damages. Article 2157, Revised Statutes 1925, makes provision for such a situation as follows: 'If the cause of action is unliquidated or be not proved by an instrument in writing, the court shall hear evidence as to damages and shall render judgment therefor, unless the defendant shall demand and be entitled to a trial by jury in which case the judgment by default shall be noted, a writ of inquiry awarded, and the cause entered on the jury docket.' In all instances not provided for by this statute and on all other issues, the allegations of the petition are to be taken as proved and admitted. This is the legal consequence of a judgment by default. Long v. Wortham, 4 Tex. 381; Ricks v. Pinson, 21 Tex. 508; Niblett v. Shelton, 28 Tex. 548; Tarrant County v. Lively, 25 Tex. Supp. 399; Union Central Life Ins. Co. v. Lipscomb (Tex. Civ. App.) 27 S. W. 307; Wandelohr v. Grayson Nat'l Bank (Tex. Civ. App.) 102 S. W. 746."

Applying this doctrine to the case at bar, we must accept as established plaintiff's allegations, to the effect that Roland B. Culpepper holds legal title to the land as trustee for the use and benefit of E. J. and Mary Ella Culpepper, the real owners. The case presented is as though Green had conveyed the land to E. J. and/or Mary Ella Culpepper, and the question for decision is, Could they in such circumstances hold the land relieved of plaintiff's lien? If not, it follows necessarily that Roland B. Culpepper cannot hold the land relieved of the incumbrance.

As part consideration for the land, E. J. and Mary Ella Culpepper agreed to pay both notes, and an express lien existed on the land for the security of each. We are of opinion therefore that they could not take title under a sale made to satisfy the note having priority, and hold the land without discharging the $1,350 note which occupies the position of a second mortgage.

In the case of Beitel v. Dobbin, 44 S. W. 299, 301 (writ refused), the San Antonio Court of Civil Appeals, through Judge Neill, used the following language in point: "It is elementary that a purchaser of property, who agrees, as a part of the consideration, to pay off two mortgages upon it, cannot suffer a sale to take place under the prior one, and, without discharging the junior mortgage, claim title against it. Jones, Mortg. § 740; Birke v. Abbott, 103 Ind. 1, 1 N. E. 485, 53 Am. Rep. 474; Conner v. Howe, 35 Minn. 518, 29 N. W. 314; Allison v. Armstrong, 28 Minn. 276, 9 N. W. 806, 41 Am. Rep. 281; Maxfield v. Willey, 46 Mich. 252, 9 N. W. 271." To the same effect, see Kerr v. Erickson (Tex. Com. App.) 24 S.W.(2d) 21; Tompkins v. Halstead, 21 Wis. 118; 41 C. J. 893 (§ 1116) 6.

We think the court erred in not foreclosing plaintiff's lien on the land against Roland B. Culpepper; hence the judgment below in that respect is reversed, and judgment here rendered in favor of plaintiff.

Reversed and rendered.