## BUTTRILL et al. v. OCCIDENTAL LIFE INS. CO.

No. 10856.

Court of Civil Appeals of Texas. Dallas.

Dec. 5, 1931.

Rehearing Denied Jan. 23, 1932.

See, also, 31 S.W.(2d) 833.

J. Cleo Thompson, Chas. F. Umphress, and Clint & Eades, all of Dallas, and W. I. Gamewell, of Canyon, for plaintiffs in error.

Read, Lowrance & Bates, of Dallas, for defendant in error.

VAUGHAN, J.

The parties to this appeal will be designated as follows: Plaintiff in error A. B. Buttrill, as Buttrill, plaintiffs in error A. T. Sheppler, Wesley B. Young, L. O. Turner, and Sam L. Sanders, as surety defendants, and defendant in error, Occidental Life Insurance Company, a private corporation, as plaintiff.

Plaintiff instituted this suit in the court below against Buttrill and surety defendants, alleging that said Buttrill executed, on April 7, 1925, two separate bonds payable to plaintiff as follows: One for $1,000 and one for $1,500, and that said Sheppler and Young became sureties and signed as such said $1,500 bond, and that said Turner and Sanders became sureties and signed as such said $1,000 bond, which bonds secured the payment of certain indebtedness which Buttrill, after the date of said bonds, might become obligated to pay plaintiff; that after the execution of said bonds Buttrill became indebted to plaintiff in a large sum of money, evidenced by his written obligations and promises to pay as follows:

"One dated December 8, 1925, promising to pay Occidental Life Insurance Company the sum of $146.50, upon which said defendant paid and received credits in the total sum of $21.13; another obligation dated December 10, 1925, signed by A. B. Buttrill, promising to pay the plaintiff the sum of $30.00; another obligation signed by said defendant, promising to pay to F. B. Marshall for the use and benefit of the plaintiff, dated March 26, 1926, for the sum of $65.60; another obligation dated April 5, 1926 for $9.16, signed by the defendant A. B. Buttrill; and a promissory note signed by A. B. Buttrill, dated August 29, 1925, promising to pay to the order of F. B. Marshall, Stage Agent for plaintiff, and for the use and benefit of plaintiff, the sum of $1,137.00, with interest at the rate of ten per cent per annum from date, and providing for ten per cent attorneys fee if placed in the hands of attorneys for collection. By said written obligations the defendant A. B. Buttrill became and is now indebted to the plaintiff for the several sums stated, with interest on each of the first four items at the rate of six per cent from the date of each obligation, and on the promissory note last mentioned, interest at the rate of ten per cent from its date, with ten per cent attorneys fee.

"By signing the bonds aforesaid, each of the other defendants bound and obligated themselves to pay the indebtedness listed above, all of which grew out of the dealings of the defendant A. B. Buttrill with the plaintiff as its agent, and by said bond the other defendants became obligated to pay said sums with ten per cent of said amount as an attorneys fee upon the default of the said A. B. Buttrill in paying same.

"The said A. B. Buttrill has defaulted in the payment of said obligations, and though demand has frequently been made on him for such payment he has failed and refused * * *."

For a proper understanding of the questions presented by this appeal for determination, it is necessary to state quite at length the proceedings had leading up to and including the judgment appealed from.

On October 1, 1929, judgment by default was rendered and entered against Buttrill with respect to the recovery of the several sums of money sued for. The surety defendants, prior to that date, had filed an answer consisting of a general demurrer and general denial. On October 11, 1929, this cause, having been placed on the assignment of cases for trial for that date, was called for trial. Said surety defendants failing to appear, final judgment was rendered against said Buttrill and surety defendants; the judgment by default against Buttrill being brought forward therein in favor of plaintiff for the amount sued for, being the aggregate sum, principal and interest due on the above-described five notes. On October 12, 1929, by agreement of the parties, not including Buttrill, the following order was entered, viz.: "By agreement of the parties, the judgment rendered October 11, 1929, be set aside as to the defendants, Sheppler, Young, Turner and Sanders, without prejudice to the defendants on account of the judgment against A. B. Buttrill, and upon agreement of both parties, to waive the jury." On October 21, 1929, Buttrill filed a motion for a new trial, and on November 9, 1929, he filed what is termed a "supplementary motion" to the one filed October 21, 1929. On October 9, 1929, Buttrill filed his original answer, consisting of a general demurrer, general denial, plea of payments, and the four years' statute of limitation. On November 9, 1929, the court overruled Buttrill's original and supplemental motions for a new trial.

On November 13, 1929, surety defendants filed their first amended original answer, consisting of general denial statute of limitation of two and four years, that the execution of the bonds sued upon was obtained by and through fraud practiced upon them by plaintiff, and special pleas alleging facts to the effect that the notes sued upon were executed only on consideration of debts that existed prior to the execution of the bonds sued upon and not for any sum or sums of money that accrued thereafter "out of the dealings of the defendant A. B. Buttrill with the plaintiff or its agents."

On November 14, 1929, Buttrill applied for and obtained an order placing this cause upon

the jury docket; the fee of $5, being paid by attorneys representing surety defendants.

On November 26, 1929, plaintiff filed its motion to have entered nunc pro tunc as of date October 11, 1929, a final judgment in its favor against Buttrill and surety defendants, of which motion the following is material to be considered in disposing of this appeal, viz.:

"On October 12, 1929, counsel for plaintiff was called to the 14th District Court room, and found there Judge Chas. F. Clint, one of the counsel for said defendants, and said counsel for defendants without filing a motion for new trial, requested counsel for plaintiff to agree that the judgment rendered on October 11, 1929, might be set aside as to the defendants Sheppler, Young, Turner and Sanders, and after some considerable discussion counsel for plaintiff agreed that the judgment of October 11th might be set aside, if counsel for defendants would agree to waive a jury and grant a speedy trial in the case, and counsel for defendants agreed to file an answer for his clients within a week from October 12th, and to waive a jury and try the case when it was next set on the non-jury assignment about five weeks from October 12th, and thereupon a stipulation and agreement was entered into by and between counsel for plaintiff and counsel for said defendants, and was entered upon the trial docket of said Court as follows: 'By agreement of the parties the judgment rendered October 11, 1929 be set aside as to the defendants Sheppler, Young, Turner and Sanders without prejudice to the defense of said defendants on account of the judgment against A. B. Buttrill, and upon agreement of both parties waive a jury.' * * *

"Plaintiff says that it entered into the stipulation of October 12th only upon the condition that the parties waive a jury and try the case at an early date and avoid the indefinite delay that might be caused by placing the case on the jury docket, and this was a condition of the agreement made on October 12th for setting aside the judgment entered on October 11th, and plaintiff charges that the defendants Sheppler, Young, Turner and Sanders, and their counsel have violated said agreement by representing A. B. Buttrill, and calling for a jury in his name, and paying the jury fee for him, and that this was done for their own benefit and advantage and not for the benefit and advantage of the said A. B. Buttrill. Because the plaintiff's cause of action, as stated in its original petition is based on liquidated demands, and judgment by default having been taken against the defendant A. B. Buttrill, he is not entitled to have a jury trial, but it is the duty of the court to determine from the obligations sued upon the amount of the indebtedness of the said A. B. Buttrill to the plaintiff.

"Wherefore Plaintiff says that it is no longer bound by the stipulation made in open court and entered on the trial docket on October 12th."

Surety defendants resisted the granting of said motion to enter judgment nunc pro tunc on the grounds, viz.:

"That this court is without jurisdiction to hear or determine said motion or to grant the relief prayed for therein and they now here demur generally to said motion and of this pray judgment of the court.

"These defendants say that the judgment heretofore rendered against them was legally set aside and held for naught, and said cause legally placed upon the jury docket and, therefore, this court is without authority to hear or determine said motion or to grant the relief prayed for.

"These defendants further say that said motion should not be granted or considered because they have a good and meritorious defense as set forth and alleged in their First Amended Original Answer filed in said cause."

Said motion was granted November 30, 1929, on and solely perforce of the grounds therein alleged, and judgment entered on that date as of October 11, 1929, in favor of plaintiff against Buttrill as principal and surety defendants as sureties for the sum of $2,023.08, apportioning the liability for the payment of said sum as to and between surety defendants.

On December 28, 1929, Buttrill filed his amended motion for a new trial, in reference to which no further statement will be made in view of our conclusion upon other matters presented as to him, which will be hereinafter discussed at length.

On April 8, 1930, the second amended motion of Sheppler, Young, Sanders, and Turner for a new trial was heard, considered, and overruled. Under our view of this cause, no further comment anent said proceedings is necessary.

On January 7, 1930, defendant filed its motion to correct the judgment entered on November 30, 1929, to take effect as of date October 11, 1929, so as to correct the errors made inadvertently in preparing the former judgment, in that same failed to properly distribute the liability of the several sureties on the two bonds declared upon. Said motion was granted, and corrected judgment entered on February 19, 1930, in which the respective liabilities of the two sets of sureties on the bonds declared upon were properly apportioned and adjudged; its validity, however, depending upon the legality of the proceedings had on and prior to November 30, 1929.

On April 26, 1930, surety defendants filed their motion praying for an order, directing the clerk to record in the minutes of the trial court the following entry made in this cause on its trial docket, viz: "By agreement of the parties, the judgment rendered

October 11, 1925, be set aside as to the defendants, Sheppler, Young, Turner and Sanders, without prejudice to the defense of said defendants on account of the judgment against A. B. Buttrill, and upon agreement of both parties waive a jury"—on the ground that by clerical error and oversight said order was not entered in the minutes of said court.

On May 5, 1930, the above motion was overruled, and the entry of said order October 12, 1929, was denied recordation in the minutes of said court. The second section of plaintiff's contest filed to the above motion presents its conception of the legal effect of the order made October 12, 1929, and the grounds upon which the granting of same was resisted, viz.: "The entry made on October 12, 1929 on the trial docket of this court was not an order of the Court, but was a stipulation made by counsel for plaintiff, and counsel for the defendants Sheppler, Young, Turner and Sanders, and on November 30, 1929 the court sustained a motion filed by the plaintiff to set aside and disregard said stipulation and to enter judgment upon the order made on the trial docket on October 11, 1929, and said stipulation was set aside on account of the failure of counsel for the defendants to abide by a material provision in said stipulation, and no order was ever entered on the minutes as based on said stipulation, and this motion comes too late, after an order has been made setting aside said stipulation and entering judgment, and after the motion for new trial has been overruled. * * * "

■ From a careful consideration of all assignments of error presented by Buttrill and surety defendants, we have reached the conclusion that a general discussion of the major questions thus presented will suffice to present our reasons for the conclusion reached on this appeal. Perforce of the following authorities, we are of the opinion that plaintiff alleged a cause of action sufficient to support the judgment by default against Buttrill, viz.: Pennington v. Schwartz, 70 Tex. 211, 8 S. W. 32; Barton v. Pochyla (Tex. Civ. App.) 243 S. W. 785; Grimes v. Tracy-Maysfield Oil & Gas Co. (Tex. Civ. App.) 257 S. W. 636; Frank v. J. S. Brown Hardware Co. (Tex. Civ. App.) 31 S. W. 64 [1]; Wilson v. Hampton, 2 Posey, Unrep. Cas. 426; Bryan v. Wharton Bank & Trust Co. (Tex. Civ. App.) 174 S. W. 827; Texas Land & Cattle Co. v. Carroll, 63 Tex. 48; Santa Fe L. E. & P. Land & Trust Co. v. Cumley (Tex. Civ. App.) 132 S. W. 889 [2]; Graham v. Miller (Tex. Civ. App.) 24 S. W. 1107; 8 C. J. 880, § 1154, and note 80; 18 C. J. 455, 456 (note 50), and 479.

We are cognizant of the conflict that exists between the above cases and the following earlier decisions by our Supreme Court, viz.: Malone v. Craig and Lipscomb v. Bryan (two cases in one decision), 22 Tex. 609-610; Jennings v. Moss, 4 Tex. 452; Moody v. Benge & Jewell, 28 Tex. 545; Gray v. Osborne, 24 Tex. 157, 76 Am. Dec. 99; Sneed v. Moodie, 24 Tex. 159; Colbertson v. Beeson, 30 Tex. 76; Thigpen v. Mundine, 24 Tex. 282—but have followed the holdings in the more recent cases, which seem to be the settled rule of law in this state, anent the facts necessary to be alleged in pleading a cause of action of the character before us for review.

■ The effect of the judgment by default rendered against Buttrill was to deprive Buttrill of the privilege of filing an answer, which right was secured to him to be exercised at any time prior to the rendition of the judgment by default, and to establish against him the facts properly alleged by plaintiff, and to require the court, when rendering final judgment, to enter against him such judgment as the facts alleged warranted. The judgment by default, however, was not to be made final until the conclusion of the case as to his codefendants. Boles v. Linthicum, 48 Tex. 220; Western Union Telegraph Co. v. Skinner, 60 Tex. Civ. App. 477, 128 S. W. 715; articles 2154, 2155, and 2156, R. C. S. 1925. The answer filed by Buttrill, after the judgment by default had been rendered, was ineffective for any purpose. Western U. T. Co. v. Skinner, supra.

■■ Under the state of this record, it is urged that the trial court erred in refusing to accord Buttrill a trial by jury. This position we do not think can be maintained, this because plaintiff's cause of action was liquidated and proven by instruments of writing; the allegations of plaintiff's cause of action being sufficient for the court or the clerk thereof, under its direction, to make therefrom an accurate calculation based upon the facts alleged as constituting plaintiff's cause of action. Therefore the right to a jury trial did not exist. Articles 2155, 2156, and 2157, Western Union Teleg. Co. v. Skinner, supra; Citizens' Bank v. Brandau et al. (Tex. Civ. App.) 1 S.W.(2d) 466; Milford v. Culpepper (Tex. Civ. App.) 40 S.W.(2d) 163. However, if it should be conceded that the right existed on the part of Buttrill, to a trial by jury to determine the amount that plaintiff was entitled to recover on account of the written instruments declared upon, that nevertheless, inasmuch as the court would have been required to have instructed verdict in favor of plaintiff, for the amount that was shown to be due by the notes sued upon as per the allegations of plaintiff's petition, viz. the amount of the judgment rendered against Buttrill, the error would not be material. Articles 2154, 2155, 2156; Citizens' Bank v. Brandau; Milford v. Culpepper, supra.

■ Was the order of date October 12, 1929, a judicial pronouncement in this cause, in

---

[1] 10 Tex. Civ. App. 430.  [2] 62 Tex. Civ. App. 306.

**640**

that same vacated the judgment rendered October 11, 1929, in favor of plaintiff, although interlocutory in character, in that it made no final disposition of the subject-matter presented for adjudication? We think this must be answered in the affirmative, because said order did annul the effect of the judgment rendered October 11, in so far as same was a final judgment disposing of the litigation and left the matter in controversy between plaintiff and the surety defendants to be tried and determined as if said judgment. of October 11 had not been entered. Kittrell v. Fuller (Tex. Civ. App.) 281 S. W. 575; Knight v. Waggoner (Tex. Civ. App.) 214 S. W. 690; Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040, 1042; Moore et al. v. Toyah Valley Irr. Co. et al. (Tex. Civ. App.) 179 S. W. 550.

We therefore hold that said order does not represent merely an agreement between the attorneys for the respective parties to the suit, viz., that the judgment of date October 11, 1929, would be vacated on certain conditions to be performed by surety defendants, but an agreement of the attorneys, announced in open court to be and which was used as the basis for the adjudication made as established by the notation upon the court's trial docket, and had the effect to set aside the judgment of October 11 as effectively as it is within the power of a trial court to set aside a judgment upon any grounds authorized by law. However, it is contended by plaintiff that the entry made October 12, 1929, in the court's trial docket, not having been entered in the minutes of said court, did not have the effect to set aside the judgment of October 11, 1929. This position we do not think tenable, under the holdings in the following cases: Hubbart et ux. v. Willis State Bank, 55 Tex. Civ. App. 504, 119 S. W. 711 (writ of error refused); Coleman v. Zapp; Moore v. Toyah Valley Irrigation Co., supra; Lyon-Taylor Co. v. Johnson (Tex. Civ. App.) 147 S. W. 605.

■■ In refusing the motion of surety defendants for the order of date October 12, 1929, to be entered in the minutes of the court as of date when made, we are of the opinion that the trial court committed material error as the grounds upon which said motion was resisted by plaintiff did not present any valid reason for rejecting said motion. In no respect was the verity of the entry assailed, only the legal effect of same being questioned; therefore the right rested with surety defendants to have said order recorded in the minutes of the court. Coleman v. Zapp, supra, in which the following pertinent language was used by Chief Justice Phillips, viz: "It is as much the concern and duty of the court to have its records faithfully recite its judgments as it is to render the judgments themselves, and for that reason it is held that its jurisdiction over its records does not end with the term. In this sense a case is regarded as pending until the judgment rendered is correctly recorded. It is the right of parties to have such a record; and it ought not to be the law, and in our opinion it is not the law, that they are under the necessity of instituting an independent suit to obtain it." Dowdle v. United States Fid. & Guar. Co. (Tex. Com. App.) 255 S. W. 388; F. W. & D. C. Ry. Co. v. Roberts, 98 Tex. 42, 81 S. W. 25; Blum v. Neilson, 59 Tex. 378; Hickey et ux. v. Behrens, 75 Tex. 488, 12 S. W. 679; Kittrell v. Fuller, Knight v. Waggoner, and Moore v. Toyah Valley Irr. Co., supra.

Furthermore, we are of the opinion that the motions of plaintiff in respect to the judgment rendered October 11, 1929, the nunc pro tunc judgment entered November 30, 1929, as of date October 11, 1929, and bill of exception No. 1 of surety defendants, are sufficient to show that the trial court did, on October 11, 1929, render a judgment against all of the parties defendant to the suit, and that said judgment was set aside on October 12, 1929. Therefore we are of the opinion that, as neither the judgment rendered October 11, 1929, nor the judgment rendered October 12, 1929, was entered on the minutes of the trial court, other evidence of the trial court's action was admissible to show what was actually done in reference to entering said orders, respectively, because in this state of the record said evidence established what in fact did take place, and did not have the effect to contradict the minutes of the court; its minutes being silent in reference thereto. Mecom v. Ford, 113 Tex. 109, 252 S. W. 491; Yorktown School Dist. v. Afflerbach (Tex. Com. App.) 12 S.W.(2d) 130. We therefore hold that the rendition of the judgment of date October 11, 1929, as well as that of October 12, 1929, was properly established to have been duly made and not entered in the minutes of the court, and that the legal effect of the judgment of October 12, 1929, was not destroyed by the refusal of the court to have same entered in its minutes.

■■ As to the effect of placing the case on the jury docket by Buttrill, on the waiver of a trial by jury on the part of surety defendants, we are of the opinion that the order of October 12, 1929, was not in any respect vacated thereby, and said waiver remained in full force and effect as to surety defendants, although Buttrill had been entitled to a jury trial for the purpose of assessing the amount of damages plaintiff was entitled to recover against him under the judgment by default. Surety defendants had the right to waive as they did in open court a trial by jury, as duly noted on the court's trial docket; therefore the duty rested upon the trial judge to enforce the observance of same. Surety defendants having filed their amended answer, in due time alleging

grounds of defense which, if established, would defeat recovery by plaintiff against them, in whole or in part, they had the right to present same to plaintiff's cause of action, notwithstanding the judgment by default against Buttrill. We therefore hold that no grounds existed that authorized the court, under the state of the record supra, to enter the judgment nunc pro tunc on November 30, 1929, as of date October 11, 1929, against surety defendants, and that said judgment so entered November 30, 1929, and other proceedings had thereafter, in so far as said defendants are concerned, not being authorized, did not have the effect to adjudicate any liability on the part of said defendants to the plaintiff.

We further hold that it was not error to strike from the file the answer of Buttrill filed after the default judgment against him, nor in withdrawing the case from the jury docket, and directing the jury fee to be returned by the clerk, and further that the judgment by default rendered against Buttrill is of full force and effect to be made final on judgment being rendered disposing of this cause as to surety defendants.

Therefore the nunc pro tunc judgment entered November 30, 1929, and the judgment of date February 19, 1930, correcting said judgment of November 30, 1929, be and the same are, vacated, and this cause reversed and remanded to the court below to be disposed of in conformity with this opinion.

Reversed and remanded.