Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Unlawfully selling intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for one year.

A plea of guilty was entered. A jury was waived and the case tried before the court.

The evidence shows that the witness Williams purchased a pint of whisky from the appellant and paid him a dollar therefor, which fact was not controverted.

There are no bills of exception in the record. No error or irregularity has been perceived which would warrant a reversal or require discussion.

The judgment is affirmed.

## WILLIAMSON v. CITY OF EASTLAND.
### No. 1174.

Court of Civil Appeals of Texas. Eastland.
Nov. 17, 1933.

Rehearing Denied Dec. 8, 1933.

R. N. Grisham, of Eastland, for plaintiff in error.

M. McCullough, of Eastland, for defendant in error.

LESLIE, Justice.

The city of Eastland, defendant in error, hereinafter called plaintiff, brought this suit on August 12, 1932, against W. G. Williamson, plaintiff in error, hereinafter called defendant, to recover delinquent taxes, penalties, and costs in the amount of $755.68. A judgment by default and for foreclosure of the tax lien was taken for that amount, and Williamson prosecutes error to this court.

Error is predicated upon three propositions of law, which will be considered in their order.

The defendant's first contention is that the

court erred in rendering the personal judgment against him for the taxes; etc., since the pleadings affirmatively show that the I. O. O. F. Lodge owned the land at the time the taxes, etc., accrued, and also failed to allege that he at any time assumed the payment of said taxes. The petition sets forth in substance the city's real estate tax schedules for the years 1928, 1929, 1930, and 1931, and further that the property upon which the lien is sought to be foreclosed was assessed for those years to said lodge, as the owner thereof. It is further alleged that this property was conveyed to defendant by deed dated March 30, 1932. There is no positive averment that Williamson owned the land during the years stated. There is no allegation that in purchasing the land he assumed the payment of these taxes. The judgment runs against Williamson personally for the amount of the taxes, etc., and provides for a foreclosure of the tax lien, sale of the property, application of the proceeds of the sale to the judgment, and that the balance, if any, be made out to said Williamson as under execution.

■ It was proper to make Williamson a party defendant, since he is apparently the last owner of the land. League v. State (Tex. Civ. App.) 56 S. W. 262; Adams v. West Lumber Co. (Tex. Civ. App.) 162 S. W. 974.

■ Foreclosure of the lien against him is regular and binding upon him. The default operated as an admission of facts only that were well pleaded, and nothing more. The fact of his personal liability or his assumption of the taxes not being alleged, the judgment in that respect is erroneous. The petition should have alleged with clearness and certainty a cause of action on that phase of the case. Rhyne v. Mo. State Life Ins. Co. (Tex. Com. App.) 291 S. W. 845; Morgan v. Davis (Tex. Civ. App.) 292 S. W. 610; Texas Auto & Supply Co. v. Magnolia Petroleum Co. (Tex. Civ. App.) 191 S. W. 573; 25 Tex. Jur. § 39, p. 403; 34 C. J. p. 153, § 363.

■ Further, the plaintiff's pleading alleged that the taxes for said years "were duly and legally levied, assessed and rendered." This fixed the liability on the lodge, rather than the defendant. Propositions 1 and 2 are sustained.

■ It is further contended by the defendant under proposition 3 that the court erred in rendering judgment by default, in that no evidence whatever was introduced upon the trial of this cause. It is made to appear that no evidence was in fact introduced. The question presented, of the right of plaintiff to a default judgment under such circumstances, is not free from difficulty. If the demand which forms the basis of the suit be regarded as unliquidated, the judgment cannot stand in view of the absence of testimony to support the same on the amount of damages. Article 2157, R. S. 1925. If the demand be regarded as liquidated and proved by an instrument in writing and the pleadings present the cause with clearness and certainty, thus authorizing the damages to be assessed by the court, or under its direction (R. S. 1925, art. 2156), then the judgment may stand, although the instrument in writing or official record upon which the action is based was not introduced in evidence. Buttrill v. Occidental Life Ins. Co. (Tex. Civ. App.) 45 S.W. (2d) 636, 639; Citizens' Bank v. Brandau (Tex. Civ. App.) 1 S.W.(2d) 466 (Writ Ref.); Milford v. Culpepper (Tex. Civ. App.) 40 S. W.(2d) 163; Western Lumber Co. v. Chicago, R. I. & G. Ry. Co. (Tex. Civ. App.) 180 S. W. 644, 645.

This, of course, implies that the demand was liquidated and proved by an instrument in writing. Such, we hold to be the case in view of the nature of the demand, and the opinion in the case of Western Lumber Co. v. Chicago, R. I. & G. Ry. Co., supra. In Rawles' (3d Ed.) Bouvier, a "liquidated account" is defined thus: "One, the amount of which is agreed upon by the parties, or fixed by operation of law." A "liquidated demand" is defined thus: "A demand the amount of which has been ascertained or settled by agreement of the parties, or otherwise."

In the opinion last cited, the recovery of freight as a liquidated demand was approved, since the freight rates, etc., were fixed and established under and by virtue of the statute governing the same, and prescribing the duties of the railroad commission relative thereto. In other words, the rates became fixed as such by the operation of law, and therefore conclusive as to shipper and carrier. The classification of freight and the establishment of the rates in the manner indicated would be no more conclusive on the parties in that case, than taxes, penalties, etc., in the instant case. Hence, we conclude that the demand in the present case is liquidated and proved by an instrument in writing (official records) or fixed by operation of law. Articles 7326, 7337, R. S. 1925. Therefore, the defendant, though duly served with citation, but having failed to appear and answer, is in no position to complain of the default judgment which coincides with the plaintiff's pleadings. This conclusion, we think, is based on both reason and authority. A clear expression of the law of the case we take from the opinion in Buttrill v. Occidental Life Ins. Co., supra, which reads: "Under the state of this record, it is urged that the trial court erred in refusing to accord Buttrill a trial by jury. This position we do not think can be maintained, this because plaintiff's cause of action was liquidated and proven by instruments of writing; the allegations of plaintiff's cause of action being sufficient for

the court or the clerk thereof, under its direction, to make therefrom an accurate calculation based upon the facts alleged as constituting plaintiff's cause of action. Therefore the right to a jury trial did not exist. Articles 2155, 2156, and 2157, Western Union Teleg. Co. v. Skinner [60 Tex. Civ. App. 477, 128 S. W. 715], supra; Citizens' Bank v. Brandau et al. (Tex. Civ. App.) 1 S. W.(2d) 466; Milford v. Culpepper (Tex. Civ. App.) 40 S.W.(2d) 163. However, if it should be conceded that the right existed on the part of Buttrill, to a trial by jury to determine the amount that plaintiff was entitled to recover on account of the written instruments declared upon, that nevertheless, inasmuch as the court would have been required to have instructed verdict in favor of plaintiff, for the amount that was shown to be due by the notes sued upon as per the allegations of plaintiff's petition, viz., the amount of the judgment rendered against Buttrill, the error would not be material. Articles 2154, 2155, 2156; Citizens' Bank v. Brandau; Milford v. Culpepper, supra."

This holding was evidently based upon the authority of Citizens' Bank v. Brandau and Milford v. Culpepper, supra, in each of which a writ of error was refused. We are content to rest the decision of this point on these recent and well-reasoned opinions and the authorities therein cited.

Further, it seems to us that any requirement which would necessitate the introduction of evidence under the facts of this case (liquidated demand) would wipe out all distinction between taking default judgment on a liquidated demand coming under article 2156, R. S. 1925, and taking one on an unliquidated demand coming under article 2157, R. S. 1925, reducing the former to the status of the latter in so far as it would become necessary under the statute to prove up damages in a given case. Evidently the Legislature in enacting these two statutes had in mind a well-defined distinction between the two classes of demands, as well as the proper basis warranting a judgment in either case; otherwise the two statutes would be meaningless.

Also, it may be observed that in respect of suits against nonresidents it is provided by statute that "no judgment by default shall be taken in such case, but the facts entitling the plaintiff to judgment shall be exhibited to the court on the trial. * * *" Rev. St. 1925, art. 1978. No such restriction as that just noted is to be found in article 2156 governing the taking of default judgments on liquidated demands.

Another reason which would seem to support the views we have expressed on the point under consideration lies in the fact that it has been many times decided by the courts of this state that although a general denial does not put plaintiff upon proof of the execution of the note sued on, it does require its production, and that if pleaded it precludes the plaintiff from taking judgment by default for want of an answer. Kinnard v. Herlock, 20 Tex. 49; Bedwell v. Thompson, 25 Tex. Supp. 246; Smith v. Wood, 37 Tex. 616; Davis v. Marshall, 25 Tex. 372.

■ Therefore, in the absence of a general denial, and in case of default by the defendant who has been properly served with citation of the pendency of a cause of action clearly and specifically alleging a liquidated demand under article 2156, there would seem to be no reason for requiring the plaintiff in the taking of a default judgment to prove his damages as though a suit was on an unliquidated claim for such. In other words, if in such case the plaintiff is required to produce the instrument upon taking judgment by default, all effect would be denied to the general denial.

For the reasons assigned, the judgment of the trial court will be affirmed in so far as it grants a foreclosure of the lien for the taxes, etc., as against the defendant Williamson, but in so far as it grants a personal judgment against him for the taxes, such judgment will be reversed and here rendered in his favor.

It is so ordered.